# THE CITY OF PEKIN

## v.

## LOUIS WINKEL.

1. AMENDMENT—*verdict in presence of jury.* The amendment of a verdict in the presence of the jury, so as to put the same in proper form, is not error.

2. VERDICT—*in an action on the case.* A verdict in an action on the case, "We, the jury, find for the plaintiff, and assess the damages at $275.16⅔," signed by the foreman, will be sufficient without amendment. The defect, if any, will be cured by the Statute of Jeofails.

3. SAME—*sufficiency of, as amended.* In an action on the case, where the jury returned a verdict for the plaintiff, and assessed the damages at $275.16⅔, and, under the direction of the court, the clerk changed the same so as to read, "We, the jury, find the defendant guilty, and assess *its* damages at two hundred and seventy-five dollars and sixteen and two-thirds cents ($275.16⅔)," to which exception was taken: *Held,* that, taking into consideration the fact the jury found the defendant guilty, relieved the finding of all ambiguity in using the pronoun *its* instead of *his.*

4. SAME—*result of chance.* An affidavit that, upon information and belief, the verdict of the jury was the result of chance, and not the deliberate judgment of the jury, by each putting down a certain sum and dividing the amount by 12, and which does not show any preliminary understanding that the result should be adopted as the verdict, is insufficient to impeach the verdict, and, in such case, the polling of the jury, and their separate answers, relieves it of all objection.

5. MUNICIPAL CORPORATION — *liability for act of railroad company, under its license, in filling up street so as to make access to lot difficult.* Where a city had established no grade of a street upon which the plaintiff had a lot, and upon which he built a house, and a railway company, with the assent and by permission of the city, filled up the space between an original embankment and the plaintiff's lot, so as to prevent access to his lot by wagons and carriages from the street, as had been his custom, it was *held,* that, as this was a special injury to the plaintiff, and peculiar to him, he was entitled to recover for the damages in a suit by him against the city.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Mr. WM. R. HALL, and Messrs. ROBERTS & GREEN, for the appellant.

Mr. WILLIAM L. PRETTYMAN, and Mr. GEORGE B. FOSTER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, in the Tazewell circuit court, by Louis Winkel, against the city of Pekin, to recover damages for injuries to plaintiff's lot in the city, caused by the construction of a railroad through the street on which plaintiff's lot abutted.

The general issue was pleaded, with leave to give any special matter in evidence.

The jury returned this verdict: We. the jury, find for the plaintiff, and assess the damages at two hundred and seventy-five dollars and sixteen and two-thirds cents ($275.16⅔), signed by the foreman.

The court, without any motion to that end, directed the clerk to put the same in form, and the clerk then and there changed the verdict as follows: We. the jury, find the defendant guilty, and assess *its* damages at two hundred and seventy-nine dollars and sixteen and two-thirds cents ($279.16⅔), signed by the foreman.

To this change the defendant objected and excepted, and entered a motion for a new trial.

This motion was overruled, and judgment rendered on the verdict, and defendant appeals.

The first point made by appellant is on this verdict as changed. We do not understand counsel as questioning the right of the court to put an informal verdict in form, especially when the reformed verdict is attested by the signature of the foreman. We would infer the amendment was made in the presence of the jury, and, of course, not objectionable; but the point is, as argued by appellant, that the amendment renders the finding ambiguous and uncertain.

We think, taking into consideration the fact the jury found the defendant guilty, relieves the finding of all ambiguity in using the pronoun *its* instead of his. Really there was no necessity to amend the verdict as first rendered. The defect, if any, was cured by the Statute of Jeofails. *Matson* v. *Connelly,* 24 Ill. 142.

Another objection to the verdict is, that it was the result of chance, and so not the deliberate judgment of the jury. We deem the affidavit entirely insufficient for the purpose sought. It avers only the information and belief of the affiant. On what was such his information and belief predicated? Can it be that a busy-body about the purlieus of the court shall communicate such information, and shall it inspire belief, and must the court act on it? We think not. It would be the destruction of trials by jury, should it be permitted.

It is settled by this court that jurors may resort to a process of the kind stated in the affidavit, as a mere experiment, and for the purpose of ascertaining how nearly the result accomplished, by using twelve as the divisor, may suit the views of the different jurors. The affidavit in question does not aver there was a preliminary understanding that the result found by the process adopted should be the verdict. Nothing of the kind is alleged; and the subsequent polling of the jury, and their separate answers, relieves the verdict from all objection. *Ill. Cent. R. R. Co.* v. *Able,* 59 Ill. 131.

Upon the motion for a new trial on the evidence, it is satisfactorily proved by the city engineer there had been no grade established by the city authorities, of this street; consequently, the plaintiff had a right to build his house as best suited him on the lot. It was also established by proof that, within five years before the commencement of the suit, the railroad company, with the assent and by permission of the city authorities, had filled up the space between the original embankment and plaintiff's lot, so as to prevent access to his lot with wagons and carriages by Market street, as he had

been accustomed to do, and of right should do. This was, to plaintiff, a special injury—peculiar to him alone—and falls within the case last decided by this court (*Stone v. Fairbury, Pontiac and N. W. Ry. Co.* 68 Ill. 394), and is, in all essentials, identical with *City of Pekin* v. *Brereton*, 67 Ill. 477, and what was there said is applicable to this case, and we can not go over again the grounds there explored.

There was a damage, by the act of the city, to the plaintiff. The evidence preponderates in that direction, and so in regard to the extent of damage, though there is considerable conflict on these two propositions. The jury have not so erred, in settling the conflict, as to justify interference by this court.

Taking the instructions given on both sides, the law of the case was fairly stated, and we must affirm the judgment.

*Judgment affirmed.*