# Chicago and Evanston Railroad Company

## *v.*

## John Jacobs.

### *Filed at Ottawa May 19, 1884.*

1. **Eminent domain**—*measure of damages—as to the use of land sought to be condemned—market value.* The true test as to damages to be paid for land taken for a public use, is its market value for any purpose to which it is adapted or may be applied. If lots sought to be condemned are in use for market gardening purposes, and are more valuable for that purpose than for any other, the owner will have the right to show that fact; and hence there is no error in admitting proof in such case of the value of the manure or compost on the land, per load.

2. **Same**—*former decision.* The case of *Lake Shore and Michigan Southern Ry. Co.* v. *Chicago and Western Indiana R. R. Co.* 100 Ill. 21, as

to fixing the damages for lots condemned for a right of way, on a different basis than their market value, is to be applied only to property which in its use or condition has no market value.

3. New trial—*excessive damages—in proceeding under Eminent Domain act.* Where the evidence is conflicting as to the value of property sought to be condemned for railroad purposes, and the jury have examined the premises in person, this court will not reverse on the ground alone that the damages assessed may be considered high, unless the damages are clearly excessive.

4. Instruction—*misleading, as not directing inquiry to matters in issue.* On the assessment of damages for lots sought to be condemned, there being no pretense that they had no market value, the court instructed the jury, that if they found, from the evidence, that there was no market value for such property in such condition, they should determine the actual value of the property from the evidence in the case: *Held*, that the instruction was calculated to mislead, and was erroneous. The jury should have been so instructed as to direct their inquiry as to the market value of the property.

5. Same—*when good as to one defendant and vicious as to another.* On the assessment of damages for lots sought to be condemned for right of way, an instruction given for A, one of the defendants, which is erroneous as to petitioner, is not relieved of its error because it may be proper as to other land owners, when it appears on its face the same was given on behalf of A.

Appeal from the County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding.

Mr. E. Walker, and Mr. F. J. Loesch, for the appellant.

Messrs. Rubens, McGaffey & Ames, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a proceeding to condemn certain lots in the city of Chicago, for railroad purposes. Appellee, John Jacobs, was the owner of lots 39 to 45, inclusive, in sub-block 3, in the subdivision of block 12, in Sheffield's addition to Chicago. These lots are each twenty-four feet front, and one hundred and twenty-four feet deep. Jacobs resided on lot 45, in a frame cottage. Upon the rear of the lot were a barn, shed and out-houses. The lots were used by Jacobs for market

gardening. In the county court, where a trial was had, the jury awarded Jacobs $8900 as compensation for his property, and judgment was rendered on the verdict.

It is contended by appellant that the damages are excessive, that the court erred in the admission of evidence, and in modifying and giving instructions.

As to the damages allowed by the jury, the evidence in regard to the value of the property taken was conflicting. Where such is the case, and the jury have in person examined the property, we do not regard it our duty to reverse on the ground, alone, that the damages might be considered high, unless the damages are clearly excessive; and in this case we would not be inclined to reverse had the law involved in the case been properly given to the jury.

It appeared from the testimony that the lots had been well manured for market gardening, and one witness was called to testify to the value of the compost on the land, per load. The admission of this testimony, it is contended, is erroneous. We perceive no valid objection to the evidence. If the soil had been so enriched that it could be sold for manure, and was valuable for that purpose, such testimony was competent for the consideration of the jury in determining the market value of the property. The owner of the lots could not be confined to their value for building purposes alone. If the lots had a market value for any purpose, he had the right to establish that fact and prove such value. If the lots were more valuable for market gardening than for any other purpose, the owner had the right to establish that fact. The real issue was the market value of the property for any purpose for which it was adapted or might be used. The proper rule on this subject is declared in *Haslam* v. *Galena and Southern Wisconsin R. R. Co.* 64 Ill. 353, where it was held: "The true test as to damages to be paid for land taken, is its market value; but in estimating the damages, reference may be had not merely to the uses to which the land is actually

applied, but its capabilities, so far as they add to its market value, may also be taken into consideration.   If the land has a mine under its surface, that fact may be considered if the mine adds to the market value of the land, even though such mine has never been used.   So of a water power, even though it has never been utilized."

The following instruction was given for the defendant:

"The court instructs the jury that the owner of the property to be condemned is entitled to its actual value for its highest or best use to which the property, in the condition it was at the filing of the petition, could be put; and in case the jury find, from the evidence, that any real estate to be condemned has an actual value for a specified use, and that such property is devoted and adapted to such use, then the owner is entitled to such value.   Such value is to be found at its market value, if there be a market value of such property in such condition; but if you find, from the evidence, that there is no market value for such property in such condition, then you are to determine the actual value of the property from the evidence in the case."

In *Lake Shore and Michigan Southern Ry. Co.* v. *Chicago and Western Indiana R. R. Co.* 100 Ill. 21, it was held, where land has no market value, from the fact of its being used as a right of way for a railroad, estimates of its value, with reference to such use, should be received on the question of compensation to be paid, in a proceeding to condemn.   The correctness of the rule of law as declared in the case cited, in a proper case, is neither questioned nor denied.   But it is apparent that the rule there declared has no application whatever to a case of this character.   There is no pretense, here, but the lots have a market value, and the only question of dispute in the county court was what that value was.   There was no difficulty whatever in arriving at the market value of the lots.   Under such circumstances the instruction

27—110 ILL.

was calculated to mislead the jury.  The jury should have been instructed in such a way that they would look to the market value of the property.  But the instruction opens up a wider field of investigation.  It was a fair invitation to the jury to enter into another field of inquiry as to the value of the lots,—to ignore the market value and determine the actual value for a specified use.

It has been suggested that other cases, involving the claims of other parties for damages, were on trial with Jacobs, and the instruction may be proper as to such cases.  The answer to this is, the instruction, as appears on its face, was given by the court "in behalf of Jacobs."

Under the evidence before the jury we think the instruction was erroneous, and calculated to enhance the compensation to a greater amount than should be allowed.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*