## LEHIGH VALLEY COAL CO. *v.* CITY OF CHICAGO.

*(Circuit Court, N. D. Illinois.   January 29, 1886.)*

1. **MUNICIPAL CORPORATION — STREET IMPROVEMENTS — LIABILITY OF CITY FOR DAMAGES.**

    In Illinois where the construction of a public improvement has caused some direct physical disturbance of a right which a party enjoys in connection with his property, which gives it an additional value, and by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally, he has a right of action to recover damages for the injury sustained dependent upon the nature and character of the improvement, and upon the question whether the property of the complaining party has been materially damaged in fact.

2. **SAME—WHAT CONSIDERED BY JURY.**

    In determining what has been the effect of the improvement, the property alleged to be injured must be considered as an entirety. If a part be benefited or not injured, and a part be injured, damages cannot be awarded for injury to the part as disconnected from the remainder.

3. **SAME—MEASURE OF DAMAGES.**

    In such a case the amount of damages to which the owner is entitled is the difference between the market value of the property before the improvement was made and its market value after the construction of the improvement.

4. **SAME—EVIDENCE—EXPERT TESTIMONY.**

    The value of opinions given by experts depends upon the experience and knowledge which they have and evince concerning the matters about which they testify.

5. **SAME—VIEW BY JURY.**

    In arriving at a verdict the jury have the right to use and act upon the knowledge they may have acquired from a view permitted by the court of the *locus in quo.*

At Law.

*Frederick Ullman,* for plaintiff.

*E. J. Harkness,* for the City.

DYER, J., *(charging jury.)* The merits of this case, gentlemen, lie within rather narrow compass; but, to enable you to arrive at a correct conclusion, the testimony adduced in support of the respective

claims of the parties should have your careful consideration. A verdict one way or the other should not rest upon speculation or conjecture, but upon your convictions as to the facts established by the weight of the evidence.

It is the law in this state that where the construction of a public improvement, like that in question here, has caused some direct physical disturbance of a right which a party enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally, he has a right of action to recover damages for the injury thus sustained. This right of action depends upon the nature and character of the improvement, and upon the question whether the property of the complaining party has been materially damaged in fact. Applying that rule to this case, it follows that if the construction of the Chicago avenue viaduct, although it was an important public improvement, did in fact cause to the plaintiff's property actual damage, over and above any benefits received,—that is, depreciation of market value,—then the city is liable for the amount of such damage.

In considering the case the true question is whether the property was injured by the improvement. If not, then there is no damage, and can be no recovery. If there is, then the recovery must be measured by the extent of the loss. If the property is worth as much after the improvement as it was before, then there is no damage done to the property. If the benefits received from making the improvement are equal to or greater than the loss, then the property is not damaged. There can be no damage to the property without a pecuniary loss. If there is no depreciation in value there is no damage, and if no injury, then there should be no recovery. This is the language of the supreme court of this state on the subject, and establishes the general rule by which we should be guided in disposing of this case. The test is that the alleged injury must rest upon some substantial cause actually impairing the value of the property or its usefulness, and not be the result of taste or fancy merely, because of the proximity of the improvement to the property claimed to be affected by it.

Whether the plaintiff's property was damaged depends upon whether it received such material injury as rendered it less valuable to the owners, or less useful as a whole, than it would have been but for the viaduct having been constructed as it is. It is not the damages to a part of the property, considered separately from the rest, that you are allowed to assess, but the damages, if any, to the property as an entirety by reason of the construction of the viaduct, that are to be taken into consideration. It is inadmissible to treat any portion of the property injured as a distinct and separate parcel from any portion benefited. A partial effect only is not to be considered, but the whole effect; and the effect, not upon any selected part of the prop-

erty, but upon the whole property. It is, of course, admissible to consider the injury, if any, to a part as affecting the whole, or as showing a damage to the whole; but what I mean is that if a part of the property be benefited or not injured, and a part be injured, you have no right to award damages for injury to the part as disconnected from the remainder, or the part benefited or not injured. Following up the application of this principle, if injury only resulted from the viaduct to a certain part of the premises, and if that injury was outweighed by additional benefits to the residue, which enhanced the market value of the property, then it could not be considered that the premises as a whole were damaged by the construction of the viaduct.

In determining the damages, if any have been sustained, and if you come to that question, the inquiry should be confined to the effect of the construction of the viaduct upon the market value of the property, and the purposes for which it was used and designed. Its location and advantages or disadvantages as to situation are proper matters of consideration by the jury. The question is, was its market value depreciated by the construction of the viaduct? And so, the past profits of the business there carried on, and conjectural profits for the future, should not enter into your consideration, because too speculative and uncertain, and therefore not a proper basis upon which to ascertain the market value of the property. Of course many elements of fact may be taken into account as bearing upon the market value,—such as the situation of the property; the uses to which it is put; the character and extent of the business carried on; the facilities for doing the business, and the location of the property as a point commanding trade from various parts of the city, or otherwise. These may all be considered, but with sole reference to market value. In other words, take this property as it was immediately before the viaduct was constructed, with all its surroundings, what was its fair and reasonable market value at that time? Then take it as it was after the viaduct was built, considering everything in relation to its surroundings and situation, and what was its fair market value then? Was the value it had before the viaduct was constructed depreciated by the construction of this work, or were there resulting benefits equaling or exceeding the alleged injury? As I have indicated, particular injury to the business, as such, is not to enter into the measure of damages, nor is the cost of constructing the new or extended roadway into the yard, and of raising the office and scales, as a mere item of expense which the plaintiffs may have had to pay, to be allowed them; but the fact that changes have had to be made, the extent and the effect of those changes, the fact, if it be a fact, that the alleged changes have entailed, and may yet entail, expense upon the plaintiffs, may be taken into consideration by you in connection with the entire situation of the property, its accessibility and usefulness, with all the facts of the case, to the extent that they bear upon

the question of market value. What was the situation of the property before the viaduct was built? How was it situated with reference to Chicago avenue and to the railroad crossings at the junction of Halsted street and Chicago avenue? What was its accessibility? What were its advantages and disadvantages as a piece of business property, taking the whole situation into account, just as it stood before the viaduct was constructed? And then, taking into consideration the same elements of fact, how was the property affected by the building of the viaduct, measuring such effect by a pecuniary standard based upon market value? You have been permitted to view the premises in question and the viaduct, and you have the right to take into account such facts as you learned by viewing the property, as to whether the construction of the viaduct permanently depreciated or increased the market value of the property, or as to whether the alleged benefits equaled the alleged injury. You have the right, in other words, in arriving at a verdict, to use and act upon the knowledge you may have acquired by inspection of the premises.

I have no doubt you fully understand just what the claims of the parties are. The plaintiff contends that, by the construction of this viaduct, certain changes have had to be made in the means employed for carrying on the business in and about the premises; that the storage capacity and handling facilities of the yard have been diminished; that a new roadway has had to be constructed, lengthening the acclivity from the yard to the street; that a flow of water upon the premises has been caused by the construction of the viaduct and the changes in the street, thereby impairing the usefulness of the property and damaging it; that yearly expense has been caused for the purpose of keeping the new roadway in repair; that the accessibility of the property has been interfered with and obstructed; that the facilities for transacting business have been impaired; and that there has been a radical derangement of previously existing conditions,— all of which have caused a material depreciation of the market value of the property. The defendant admits, as I understand, that if we put out of view entirely the alleged compensating advantages resulting from the building of the viaduct over the railroad crossings, at the junction of Halsted street and Chicago avenue, the plaintiff's property sustained injury by the construction of the viaduct, but it denies that the magnitude of the injury was at all such as is claimed by the plaintiff. The claim of the defendant is that the value of this property, and its profitable use before the viaduct was built, was seriously affected by the dangers and delays incident to crossing the railroad tracks at the junction of Halsted street and Chicago avenue; that those tracks constituted an obstruction to travel from the west side of that part of the city, eastward along Chicago avenue, past the plaintiff's property, and thereby diminished that travel; that the construction of the viaduct removed those dangers and that obstruction, and thus afforded facilities of approach and advantages in use, di-

rectly affecting the property, and improving its eligibility as a business location, which more than compensated for any injury inflicted upon it by the presence of the viaduct. Now, between these conflicting claims you must judge, and you must exercise your judgment fairly and impartially, so as to reach a result that shall be just. I have sufficiently stated the rule by which you must be guided in determining the rights of the parties. It is now your duty to apply the rule to the facts, as you find the facts to be.

Testimony has been elicited from a number of witnesses sworn on the part of the plaintiff, which tends to show that the plaintiff's property has been materially injured by the construction of this viaduct, and these witnesses point out to you the grounds of their judgment. They testify to the market value of the property before the viaduct was built, and to its alleged subsequent depreciation, which they attribute to the viaduct, fixing that depreciation upon a pecuniary basis. Witnesses for the defendant differ radically from those for the plaintiff in their conclusions as to the effect of the viaduct upon this property. They give you also their estimates of market value in 1883, and express the opinion that the construction of the viaduct improved the plaintiff's property and that its value was enhanced thereby. You will notice that their opinions turn largely upon the point that increased facilities for passing over the railroad tracks at the junction of Halsted street and Chicago avenue were afforded by the viaduct; that delays were thereby avoided and safety secured, so that this property was benefited more than it was injured. The court will not discuss the testimony on either side. It presents a pure question of fact, which it is your exclusive province to determine.

The value of opinions given by experts depends upon the experience and knowledge which such witnesses have had and evince concerning the matters about which they testify; and it is your duty to carefully weigh and consider the testimony on both sides, and ascertain what the weight of the evidence establishes.

The credibility of the witnesses is a question for you, and you will judge of the value of their testimony by their apparent candor, or want of it, their bias or impartiality, their intelligence, their knowledge of the subject-matter, their experience so far as it may bear upon the reliability of their judgment in such matters, and all the other circumstances of the case.

Where the question involved is as to the market value of real estate, one of the best criterions of value may be found in sales of similar property in the vicinity; and it is proper to take them into consideration, in connection with the testimony of witnesses.

There has been some testimony drawn out on cross-examination of plaintiff's witnesses concerning a coal-yard owned by the plaintiff at or near Harrison street viaduct. The examination on that subject was only permitted, and will only be considered by you, as bearing upon the credibility of the witnesses, and as testing, or perhaps tend-

ing to test, the accuracy of their statements as to the value and use-fulness of the property in question.

Now, gentlemen, you will take the case, and determine it as the evidence, when applied in accordance with the instructions of the court, may require. Again, I say to you that the first question is, was the plaintiff's property injured by the construction of this viaduct? If it was, and if the benefits, if any, are not equal to or greater than the injury, then the plaintiff is entitled to recover. If it has not been so injured, or if the benefits directly resulting to the property from the construction of the viaduct, are equal to or in excess of the injury, then the defendant should have your verdict. If you find the plaintiff entitled to recover, you will assess its damages in accordance with the rule the court has stated on the subject. The plaintiff is not, in any event, entitled to damages in excess of the amount laid in the declaration, which is $50,000, and no greater damages should be allowed than the plaintiff has actually sustained. You understand that the plaintiff was the owner of the property in question before the construction of the viaduct, having acquired it in 1882. The viaduct was begun in November, 1883, and completed in November, 1884, and the approaches on Chicago avenue and Halsted street, together with the iron bridges, are considered as constituting one improvement or piece of work.