CITY OF KANSAS V. BUTTERFIELD *et al., Appellants.*

1. Condemnation Proceedings: INSTRUCTION; MUNICIPAL COR-
PORATION. An instruction in this case held to be in strict con-
formity to section 3, article 7, of the charter of the City of Kansas,
directing the course to be pursued by a jury in condemnation pro-
ceedings, in awarding damages for property taken for a public
purpose, and in assessing benefits derived from the improvements.

2. ——— : ——— : ——— : PRACTICE. In a proceeding to condemn
land for the opening of a street, an instruction that the jury are
not bound by the testimony of experts and others concerning the
value of the land proposed to be taken and the actual damage done,
but may apply their own judgment and knowledge as to such
value and damage, in connection with the testimony in the case,
does not permit them to disregard the testimony and is not erro-
neous. Distinguishing *City of Kansas v. Hill,* 80 Mo. 523.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL,
Judge.

AFFIRMED.

*Frank Titus* for appellants.

The second instruction given by the court instructs
the jury that they are not bound by the testimony of the
witnesses in regard to the value of the land proposed to
be taken, or the actual damage done. This is not the
law. *City of Kansas v. Hill,* 80 Mo. 523; *Washburn
v. Railroad,* 59 Wis. 364.

*Ed. L. Scarritt, W. A. Alderson* and *D. S.
Twitchell* for respondent.

(1) The first instruction complained of is almost a
literal copy of section 3, article 7, of the charter of the

City of Kansas (Laws 1875, p. 196) and is correct. (2) The second instruction as given is entirely proper. Sec. 3, art. 7, Laws 1875, p. 196; *Anthony v. Stinson*, 4 Kans. 212; *Patterson v. Boston*, 20 Pick. 159; *Ottawa Gas Co. v. Graham*, 28 Ill. 73; *Head v. Hargrave*, 14 Cent. Law Jour. 388; *Murdock v. Summer*, 22 Seel. 158; *Estate of Dorband*, 19 Cent. Law Jour. 379: *Rose v. Spies*, 44 Mo. 20; *Brehm v. Railroad*, 34 Barb. 256; Rogers on Expert Test., sec. 37.

NORTON, J.—The City of Kansas instituted proceedings to condemn certain private property of defendant for public use for the opening of Independence Avenue from Grand Avenue to Walnut street, in said city. A jury was empanelled and rendered a verdict in the trial had before the mayor. From the verdict rendered defendant appealed to the circuit court of Jackson county, where on a trial *de novo* a verdict awarding damages for the property to be taken was rendered, from which defendants have appealed to this court, and seek a reversal of the judgment because of the action of the court in giving over their objection the following declarations of law:

"1. The jury will first ascertain the actual damage done to each person or corporation in consequence of the taking of their property, without reference to the proposed improvement, as the just compensation to be made therefor, and to pay such compensation you will assess against the city the amount of benefit to the city and public generally, inclusive of the benefit to any property of the city, and against the several lots and parcels of private property deemed benefited by the ordinance in evidence by the proposed improvements, the balance of such compensation, and assess each of said lots or parcels of ground with an amount bearing the same ratio to such balance as the benefit to each lot or parcel bears to the whole benefit to all the private property assessed."

"2. You are instructed that in regard to the evidence before you of experts and others concerning the value of the land proposed to be taken and the actual damage done, you are not bound by the testimony of such witnesses, but may apply your own judgment and knowledge as to such values and damage, in arriving at your verdict in connection with the testimony offered in the case at the trial."

Section 3, article 7, of the charter of the City of Kansas directs the course to be pursued by a jury in condemnation proceedings in awarding damages for property taken for a public purpose, and in assessing benefits derived from the improvements, and the first of the above instructions is in strict conformity with the charter provision. The learned counsel did not undertake in his oral argument, nor has he in his brief undertaken, to show wherein this instruction is erroneous, and we are unable to discover any valid objection to it.

In support of his objection to the second instruction counsel has cited us to the case of *Hill v. The City of Kansas*, 80 Mo. 523. The judgment in the above case was reversed because the jury were instructed that they might wholly disregard the evidence of witnesses examined before them, and make their finding from their own observation alone. In the disposition of the question it is observed by Ray, J. (p. 536), who delivered the opinion: "The charter expressly provides that: 'Parties interested may submit proof to the jury and the latter shall examine personally the property to be taken and assessed;' * * * and it would seem a farce to introduce evidence if it may be wholly disregarded. * * * We do not say or intimate what weight or importance the jury may or ought to give the evidence so submitted, but when submitted we think it is their duty to consider and not wholly disregard it. * * * It may be conceded that if the parties interested decline to submit any proof to the jury, that it would be

perfectly competent for them to make up their findings and assessments from their own personal examination of the property." The second instruction now under consideration is not subject to the objection made to the instruction in the case above referred to. The jury in this case, instead of being directed, as in that case, to wholly disregard the evidence and make the finding from their own observation and knowledge, were, in effect, directed that they must consider in arriving at their verdict the testimony offered at the trial in connection with their own judgment and knowledge, as to the value of the land proposed to be taken and the actual damage done, and in this respect the instruction conforms to the intimations given out in the case of *Hill v. The City of Kansas, supra,* and is in harmony with what is there decided.

We have also been cited to the case of *Washburn v. Railroad,* 59 Wis. 364. That case, when critically examined, goes no farther than to condemn an instruction which, in effect, told the jury that they were to assess compensation to the owner of land taken according to their own knowledge, judgment and good sense, aided by their view of the premises, and that they might do so without regard to the testimony, or in opposition thereto, and in condemning that instruction asserts the same principle enunciated by this court in the case of *Hill v. The City of Kansas, supra.* While accepting the correctness of the conclusion reached in the Wisconsin case we are not inclined to accept as correct all the reasoning employed by the learned judge, who delivered the opinion, in reaching the conclusion. A more analogous case in principle to the one before us is the case of *Patterson v. Boston,* 20 Pick. 158 and 166, where the question was as to damages to be awarded plaintiff for his property taken to widen a street in Boston. The trial court instructed the jury that, in estimating the damages, if any of them knew of his own knowl-

edge any material fact which bore upon the issue, he. ought to disclose it and be sworn, and communicate it in open court in the presence of the parties; but that in making up their verdict they might rightfully be influenced by their general knowledge on such subjects as well as by the testimony and opinions of witnesses. In passing on this instruction, Chief Justice Shaw, after holding that the instruction was unexceptionable, speaking for the court, said: "Juries would be very little fit for the high and responsible office to which they are called, especially to make an appraisement which depends on knowledge and experience, if they might not avail themselves of these powers of their minds when they are most necessary to the performance of their duties." The case of *Head v. Hargrave*, 105 U. S. 45, is to the same effect, where the subject under discussion is fully considered.

Judgment affirmed. All concur, except Sherwood, J., who dissents. Henry, C. J., absent.