CITY OF KANSAS, Respondent, v. O. T. STREET, Appellant.

Kansas City Court of Appeals, May 20, 1889.

**Eminent Domain**: EVIDENCE AS TO DAMAGES, HOW FAR BINDING ON JURY. In a condemnation proceeding to condemn land to widen an avenue of Kansas City, the jury are not bound to set aside their own judgment and accept that of the witnesses, especially since the charter provides that they shall personally examine the property in controversy, and this examination as a species of evidence must have its weight and find expression in the verdict ; but such verdicts are not beyond the reach of the courts.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Frank Titus*, for the appellant.

(1) That a verdict and judgment whose effect is to take away the property of the citizen and pay nothing for it is contrary to law. *City of Detroit v. Daly*, 37 N. W. Rep. 11 ; *Watson v. Harmon*, 85 Mo. 443. (2) While a jury is entitled to test the facts before them in the light of their own knowledge and judgment, yet a verdict can not lawfully be rendered based upon facts not in evidence. *Ottawa Gas Light Co. v. Graham*, 28 Ill. 73 ; note to said case in 81 Am. Dec. 266. (3) A jury can not disregard the testimony of witnesses without cause. In passing on the credibility of a witness, the jury must exercise their judgment, not their will merely. *Robertson v. Dodge*, 28 Ill. 161 ; s. c. with note, 81 Am. Dec. 267 ; *Ins. Co. v. Gray*, 80 Ill. 28–32 ; *Railroad v. Stumps*, 55 Ill. 367–375 ; *Rider v. People*, 110 Ill. 14 ; *Watson v. Watson*, 58 Mich. 507 ; *Howard*

*v. State*, 73 Geo. 83. (4) The positive testimony of a disinterested, unimpeached, uncontradicted witness can not be capriciously disregarded by a jury. *Newton v. Pope*, 1 Cow. 110; *Yirner v. Meeker*, 25 N. Y. 361; *Conrad v. Williams*, 6 Hill, 444; *Carbon Works v. Shad*, 38 Hun. 71–76; *Harding v. Brooks*, 5 Pick. 244; *Engmann v. Estate of Immel*, 59 Wis. 249. (5) In trials of this nature the knowledge of a jury, obtained from a view of the premises, should only be used by them to adjust or reconcile conflicting testimony. *Laflin v. Railroad*, 33 Fed. Rep. 415, 422, 423. (6) When the right of a jury to pass upon the credibility of witnesses and weight of evidence has been abused by them ( as in this case ) the appellate court will order a new trial. *Hipsley v. Railroad*, 88 Mo. 348–353; *Brewing Co. v. Bodeman*, 12 Mo. App. 573; *Taylor v. Fox*, 16 Mo. App. 527. (7) Where damages allowed by a jury are inadequate, the judgment will be reversed. *Railroad v. Campbell*, 62 Mo. 585–590; *Railroad v. Dennis*, 67 Mo. 438; *City of Kansas v. Railroad*, 84 Mo. 410.

*R. W. Quarles*, *W. A. Alderson*, for the respondent.

The seven "points" submitted by appellant may be admitted to be entirely correct without at all endangering the affirmation of the judgment of the trial court. Neither the appellant's pretended abstract of the record, nor his assignment of errors, in any way connects the numerous propositions of appellant with the merits of the cause. And cited the following authorities: *Goodson v. Railroad*, 23 Mo. App. 76; Sess. Acts, 1875, 245; *City of Kansas v. Butterfield*, 89 Mo. 646; *City of Kansas v. Hill*, 80 Mo. 523; *City of Kansas v. Baird*, not reported; *Rose v. Spies*, 44 Mo. 20; Rogers on Expert Testimony, sec. 37.

ELLISON, J.—This is a condemnation proceeding whereby the City of Kansas, for the purpose of widening Woodland avenue, seeks to appropriate five feet

City of Kansas v. Street.

off the front of plaintiff's residence lot.    The defendant has appealed from the award of damages; his motion for new trial only complaining that the verdict is contrary to the evidence.

The testimony as to value consisted of two witnesses for the defendant, who gave their opinion as to the value of the ground sought to be appropriated, and it may be conceded that the verdict was not in accord with this testimony.    But it must be borne in mind that the very nature of such evidence is matter of opinion or judgment, and not a detail of facts.    In such case, though the jury may have full faith in the honesty of the witnesses, they are not bound to set aside their own judgment and accept that of the witnesses.

Testimony of experts as to value of professional services need not control a jury in determining the amount of their verdict.    *Head v. Hargrave*, 105 U. S. 45.    Such testimony must be considered and weighed by the jury, and in the light of such testimony, they come to a conclusion by an exercise of their own judgment, experience, and knowledge.

In the case at bar, the charter of the plaintiff city provides that the jury shall personally examine the property in controversy, and this examination may be said to be a species of evidence which must have its weight, and must necessarily operate on the mind of the individual juror in forming his opinion, and it will naturally and properly find expression in the verdict rendered.

The instructions given were approved in the *City of Kansas v. Butterfield*, 89 Mo. 646.

Notwithstanding the foregoing considerations lead us to an affirmance of the judgment in this cause, it must not be understood that the verdict of a jury in a case like this is beyond the reach of the courts.

The judgment is affirmed.    SMITH, P. J., concurs; GILL, J., not sitting.