JOSEPH STOCKTON

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa March 30, 1891.*

1. EMINENT DOMAIN—*measure of damages—as to land not taken.* In a proceeding to condemn a strip of land over lots for an alley, the measure of damages to the lots and buildings thereon is the difference in value before and after the alley is opened, and in determining that question it is proper to take into consideration any special benefits the property not taken will receive by the contemplated improvement.

2. SAME—*burden of proof—as to damages to part not taken.* On a condemnation proceeding, the burden of proof is on the land owner to show the damages to the parts of the property not taken.

3. SAME—*new trial—on the evidence—when there has been a personal view.* In determining whether or not the verdict of a jury in a condemnation proceeding should be sustained, great weight will be given to the fact that the jury have examined the premises before making their verdict.

APPEAL from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. R. S. THOMPSON, for the appellant.

Mr. FRANCIS E. HALLIGAN, and Mr. JONAS HUTCHINSON, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a proceeding in the Superior Court of Cook county, to condemn certain property in block 84, school section addition to Chicago, for the purpose of a public alley. Appellant owned lots 11 and 12 in said block. Lot 11 has a frontage of fifty feet on Market street, and lot 12 the same on Franklin street, each extending back about one hundred and sixty-three feet, and joining in the center of the block. On these lots is located a two-story brick building, fifty feet wide, and extending from a point twenty-six and a half feet east of Market street, to a point forty-two feet east of the west line of lot 12, used as a stable. The proposed alley is thirty feet wide, running north and south on the line between these lots, thus taking thirty feet out of said barn, and leaving about twenty-seven feet on the west part of lot 12. The jury allowed the plaintiff, as compensation for the parts of the lots taken, $13,500, and for the part of the building taken $6000, but assessed no damage to the remainder of either of said lots.

The only ground of reversal urged on this appeal is, that the verdict of the jury is contrary to the evidence, in that it finds no damages to the lots not taken. On this branch of the case the burden of proof was on the appellant, and the question for the jury was, how much less, if any, would the lots and building remaining thereon be worth after the alley had been opened, than before. In determining that question it was proper to take into consideration any special benefits the property not taken would receive by the contemplated improvement. (*Harwood* v. *City of Bloomington,* 124 Ill. 48, and cases cited.) While several witnesses introduced by respondent testified to the inconvenience and disturbance which would result to the business of appellant from the taking of thirty feet out of his building, but one witness (Samuel Glover) gave

any opinion as to the amount of damage which would result to the remainder of the lots, and, considering the whole of his testimony, it appears that he fixed the amount ($20,000) on the basis, that by dividing the building it would destroy its adequacy for the business then carried on in it, and on the basis of disturbance to the business, rather than on a valuation of the property before and after the improvement.

The jury made a personal view of the premises. They were properly instructed by the court to take that view into consideration, with the evidence in the case, in estimating the compensation and damages which the appellant was entitled to. It is not claimed that they were misdirected by the court as to the proper rule for measuring such compensation and damages. In determining whether or not the verdict in such cases should be sustained, great weight has always been given to the fact that the jury examined the premises before making their verdict. Even if the testimony of the witness Glover would have authorized a verdict of $20,000 as damages assessed to the parts of the lots not taken, having examined the premises themselves, the verdict of the jury should not be set aside merely because they did not see proper to take his estimate of the damages as conclusive. *McReynolds et al.* v. *Baltimore and Ohio Ry. Co.* 106 Ill. 155; *Kiernan* v. *Chicago, Santa Fe and California Ry. Co.* 123 id. 195; *South Park Comrs.* v. *Trustees of Schools,* 107 id. 491; *Chicago and Evanston Railroad Co.* v. *Blake,* 116 id. 166.

This case is clearly distinguishable from *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 Ill. 144, cited by counsel for appellant. The verdict of the jury in this case is not inconsistent with the evidence in the case. There is not, when fairly considered, under the law applicable to the case, even a preponderance of evidence against that verdict.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*