THE GROVES AND SAND RIDGE RAILROAD COMPANY

*v.*

JOHN HERMAN *et al.*

*Opinion filed December 16, 1903.*

1. EMINENT DOMAIN—*when amount of verdict will not be disturbed on appeal.* The amount of a condemnation verdict returned on conflicting testimony and after a view of the premises by the jury will not be disturbed, on appeal, if within the range of the testimony, unless the amount is so excessive or inadequate as to show that the verdict was the result of passion or prejudice.

2. SAME—*jury have the right to take personal view into consideration.* The jury, in condemnation, have a right, in determining their verdict, to consider the knowledge gained by their personal view of the premises as well as the testimony of the witnesses.

3. VERDICT—*right of jury to experiment with averages.* An experiment by a jury, consisting of adding together the several sums which each juror believed should be allowed and dividing the total amount by the number of jurors, does not invalidate the verdict, in the absence of any agreement binding them to agree upon the quotient as their verdict.

4. NEW TRIAL—*when affidavit as to method taken in reaching verdict should not be considered.* An affidavit by petitioner's right of way agent, in support of a motion for new trial, stating that the jury arrived at their verdict by averages but which does not state that affiant was present, must be regarded as made from information and should not be considered, since it will not be presumed the affiant was in the jury room, where he had no right to be.

APPEAL from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding.

W. W. BARR, (J. M. DICKINSON, of counsel,) for appellant

WILLIAM A. SCHWARTZ, R. E. DOTY, and HERBERT & LEVY, for appellees.

Per Curiam:   The appellant company filed in the county court of Jackson county its petition for the condemnation of the right of way for its railroad through certain lands belonging to the appellees.   The appellee John Herman was the owner of 40 acres of land, out of which a strip along the east side, containing 3.57 acres, was asked to be condemned.   The appellee Amil Sherman owned a farm of 100 acres, from which a strip of land containing 4.96 acres was asked to be taken.   The other appellees, being the widow and heirs of Silas Crossin, deceased, were the owners of a farm of 120 acres of land, out of which about 9 acres were to be taken for the right of way of the railroad.   These land owners filed cross-petitions, alleging they were entitled to an award for damages to the land not taken.   The issues under the petition and cross-petition were submitted to the same jury.   Many witnesses testified in behalf of the respective parties, and the jury visited and inspected the lands. The verdict of the jury was, that compensation for land taken should be allowed as follows:  Herman, $201.57, Sherman, $484.39, and widow and heirs of Crossin, $856.25; and as damages to the land not taken, as follows:  Herman, $118.50, Sherman, $694.38, and widow and heirs of Crossin, $796.25.   Judgment was entered upon the verdict, and the petitioner has brought the record of the proceedings into this court by appeal.

We have attentively examined the testimony of the various witnesses and consulted the record in many instances. We think it clear many of the witnesses, in estimating the value of the strips of land to be taken, took into consideration, to some extent, the injury which would result to the remainder of the tract or to the farm by the severance of the strip, and in considering the damage to the remainder of the tract which was not taken would again consider the injury that would result from the severance of the strip to be taken.   Cross-examination operated in some instances to remedy this

error, but perhaps in others it did not.    If the amounts allowed for land taken had been smaller, it would have more nearly coincided with our views of the right and justice of the matter.    But many witnesses testified to their judgment of the value of the strips of land, and while their estimates were widely variant, the amounts fixed by the jury are within the compass of the testimony.    In addition, the jury visited and inspected the premises, and had the right to base their verdict on the knowledge gained by the personal inspection as well as upon the testimony of the witnesses.    The instructions on that branch of the case seem to be unobjectionable, and our conclusion on the whole matter is, that no substantial grounds can be pointed out on which to justify the declaration on our part that the verdict is palpably against the evidence.

The award for damages to lands not taken seems amply supported by the testimony produced from witnesses.    The jury having inspected the premises had the right to base their verdict on the knowledge thus gained as well as upon the testimony of the witnesses, whose statements were but their opinions and conclusions as to the extent to which the lands not taken would be damaged.    In *Sexton* v. *Union Stock Yards Co.* 200 Ill. 244, upon the authority of many cases there cited, in response to the insistence the award was inadequate, we said (p. 251): "The evidence consisted most largely of opinions of values entertained by the different witnesses.    Their judgment varied widely and their opinions were likewise variant.    The amount allowed, though much less than the estimates of the witnesses produced in appellants' behalf, is larger than that of the witnesses produced by the appellee company.    We cannot know the effect which was produced on the minds of the jurors by the actual inspection of the premises.    The rule in such cases is, not to disturb a verdict, if it is within the range of the testimony, unless we can clearly see that injustice has been

done and that passion or prejudice influenced the action of the jury." These remarks are applicable here, though the contention is, the award is excessive.. The record does not justify the condemnation of the verdict on the ground the jury were influenced by passion or prejudice in rendering it.

The instructions as to the element of damages to lands not taken are criticised, and in some respects they are not accurate. The inaccuracies are not, however, of a character that could have misled the jury, when it is kept in view the jury visited the premises, and acted, in part at least, from the information obtained by such personal inspection. Furthermore, as we have before observed, the amount allowed for damages to lands not taken is within the range of the testimony, and it is therefore clear that the award for such damages should not be disturbed for errors in instructions which could not have operated to the prejudice of the appellant.

It was urged as ground for new trial that the jury had arrived at the compensation and damages to be allowed to each land owner by a preliminary agreement that each juror should set down the amount he believed should be awarded and that the aggregate should be divided by the number of jurors. The affidavit of the bailiff in charge of the jury during their deliberations was filed in support of this ground of the motion. But the affiant does not state that the jurors entered into any agreement binding them to join in accepting the quotient as their verdict. It is not inconsistent with the statement of the affiant that the jurors adopted this process for the purpose of seeing how nearly the average of the views of all would suit the views of different jurors. A mere experiment of that kind does not condemn a verdict. *City of Pekin* v. *Winkel,* 77 Ill. 56.

The affidavit of the right of way agent of the appellant company was filed, which averred that a quotient verdict was adopted by previous agreement. This lat-

ter affidavit does not disclose whether the affiant speaks from personal knowledge or on information. He could not lawfully have been in the jury room during their deliberations, and it will be presumed he was not permitted to hear what occurred there. It must therefore be presumed this affidavit was based upon information, merely, and for that reason it ought not to have been considered. *City of Pekin* v. *Winkel, supra.*

The jury, by agreement, consisted of but eight jurors. The affidavit of six of them was filed, and on a later day a supplemental affidavit of five of the six was filed. The affidavit of the six jurors does not specifically deny or affirm that during the course of their deliberations the aggregate of the different amounts the jurors believed ought to be allowed was ascertained and the same divided by eight, but contains the following statement: "That during the deliberations of the jury, he, as said juror, was only and solely influenced by the evidence in the case and the instructions of the court in arriving at what he deemed was the just compensation for the land actually taken and as to the damage to the adjacent land not taken, as to each and all of the said several tracts of land; that the amounts of the compensation for the land actually taken and of the damage to the adjacent land not taken, as to each and all of the said several tracts of land, as returned by the jury to the court and as shown by the report of the jury on file herein, was not arrived at by the jury by chance, accident or by average, but was based by the jury on the evidence in the case and was the deliberate judgment of the jury." In the supplemental affidavit the jurors stated "that while the jury in this case did put down the several amounts that each and every juror was in favor of giving the owners of each and all the several tracts of land being condemned in this proceeding, as compensation for the land taken, and the amounts they were in favor of giving said owners as damage to their adjacent land not taken, and that

they did add the several amounts as to each and every
tract separately and that they divided the result of said
addition by eight, the number of jurors herein, but that
said jury did not agree, at any time during their delib-
erations, nor at any time, that the said several quotients
should be the amounts of the compensation for the land
actually taken and as damage to the adjacent land not
taken, as to any or either of said several tracts of land;
and these affiants further say, that while said jury did
resort to the process mentioned in the affidavit of A. W.
Skinner as to adding the said several amounts that each
juror was in favor of giving the land owners herein as
compensation and damages and dividing the result of
said addition by eight, said jury did so as a mere ex-
periment, and for the purpose, only, of ascertaining how
nearly the result accomplished by said addition and
division would suit the views of the different jurors,
but that these affiants emphatically say that it was not
agreed by the said jury that the several quotients reached
by said addition and division, as to both compensation
for the land taken and as to the damage to the land not
taken, should be the verdict of the jury either as to com-
pensation for land taken or as to damage to adjacent
land not taken, as to either or any of the several tracts
of land herein; affiants further say, as they have already
stated in their affidavits, that the report that the jury
made to the court herein was the result of their deliber-
ate judgment, and was based on all the evidence in the
case." It is quite clear the court correctly refused to re-
gard the verdict as the result of an agreement to arrive
at a conclusion by way of averages or by chance.

The judgment of the county court must be and is af-
firmed.                                     *Judgment affirmed.*