[No. 5871.  Decided January 5, 1906.]

*In the Matter of the Condemnation of* EAST SPRING STREET,
*Seattle.*

THE CITY OF SEATTLE *et al., Respondents,* v. W. E. WILLIAMS
*et al., Appellants.*[1]

APPEAL — RECORD — CONDEMNATION — INSPECTION OF PREMISES —
KNOWLEDGE GAINED NOT BROUGHT UP—VERDICT—REVIEW.  A view by
the jury in a condemnation case does not preclude the appellate
court from a review of the questions of fact.

EMINENT DOMAIN—EVIDENCE OF VALUES—SUFFICIENCY TO SUSTAIN
VERDICT—VIEW BY JURY—NEW TRIAL—DISCRETION OF LOWER COURT.
The verdict by a jury assessing damages for land appropriated by a
city for a street at $300 per acre should not be set aside as contrary
to the evidence from the fact that the lowest estimate of the value
by any witness on either side was $400 per acre, where there was
other evidence bearing upon the value, the jury viewed the property,
and the trial court refused to set aside the verdict on that ground
(RUDKIN and HADLEY, JJ., dissenting).

Appeal by defendant from a judgment of the superior
court for King county, Morris, J., entered July 6, 1905,
upon the verdict of a jury assessing the damages in a con-
demnation proceeding, after a trial on the merits.  Affirmed.

*Fred H. Peterson* and *H. C. Force,* for appellants, con-
tended, *inter alia,* that the assessment of damages should
have been set aside as contrary to the evidence; the view of
the jury does not authorize them to disregard the evidence.
*Chicago etc. R. Co. v. Parsons,* 51 Kan. 408, 32 Pac. 1083;
*Jeffersonville etc. R. Co. v. Bowen,* 40 Ind. 545; *Seattle
etc. R. Co. v. Roeder,* 30 Wash. 244, 70 Pac. 498; *Wright v.
Carpenter,* 49 Cal. 607; *Washburn v. Milwaukee etc. R. Co.,*
59 Wis. 364, 18 N. W. 328; *Grand Rapids etc. R. Co. v.
Weiden,* 70 Mich. 390, 38 N. W. 294; *Atchison etc. R. Co. v.
Schneider,* 127 Ill. 144, 20 N. E. 41, 2 L. R. A. 422; *Peoria
Gas Light etc. Co. v. Peoria Terminal R. Co.,* 146 Ill. 372,
34 N. E. 550, 21 L. R. A. 373; *Bigelow v. Draper,* 6 N. D.

[1]Reported in 83 Pac. 242.

152, 69 N. W. 570; *Palmer v. Harris County,* 29 Tex. Civ.
App. 340, 69 S. W. 229; 15 Cyc. 880; Thompson, Trials
(2d ed.), § 896; *Close v. Samm,* 27 Iowa 503; *City of Topeka
v. Martineau,* 42 Kan. 387, 22 Pac. 419, 5 L. R. A. 775;
*City of Grand Rapids v. Perkins,* 78 Mich. 93, 43 N. W.
1037.

*Scott Calhoun* and *O. B. Thorgrimson,* for respondents.

ROOT, J.—The respondent city instituted condemnation
proceedings to acquire a strip of land belonging to appellant
Williams, which parcel of land was a portion of an unplatted
tract, and which would be situated between the lines produced
of one of the public streets of said city; and was desired for
public street purposes, so that said street could be connected
with a street upon the opposite side of said property, thus
making a continuous street of full width, a narrow lane or
alley already connecting the two portions of the street extend-
ing in either direction from said parcel of land. A jury was
empanelled and sworn to fix the value of the property to be
thus taken by the city. Numerous witnesses gave evidence
as to the value of the parcel sought to be appropriated. These
witnesses testified as to the location, character, surroundings,
accessibility, desirability, and disadvantages of said strip of
real estate, and each gave his estimate as to its reasonable
value. The lowest estimate of value placed upon the property
by any witness was $400, and several of them fixed the amount
in many times this sum. The jury, by consent of the parties,
viewed the premises and, having heard all of the evidence,
returned a verdict wherein they fixed the value of said prop-
erty at $300. The appellants moved for a new trial upon
the ground that the jury erred in assessing the amount of
the recovery in that it was too small, and that the verdict was
not supported by the evidence, but that it was contrary
thereto in that the amount of the recovery was grossly inade-
quate. This motion was overruled by the trial court, and

judgment entered upon the verdict.  An appeal is taken
therefrom.

It was urged by appellant that the amount of the verdict,
$300, being less than the lowest estimate of value fixed by
any witness, said verdict is unsupported and contrary to the
evidence, and that for that reason the trial court should have
granted a new trial.  We do not think this necessarily fol-
lows.  In a case of this kind the granting of a motion for
a new trial is peculiarly within the discretion of the trial
court.  It was suggested by respondent that, inasmuch as the
members of the jury themselves viewed the premises and
doubtless used the information they thereby gathered, we can-
not review their verdict for the reason that what they them-
selves learned by an inspection of the premises constituted
evidence which we cannot have before us, and that we must
therefore apply the rule which prevents an appellate court
from reviewing questions of fact where all of the evidence is
not brought up.  We do not think the rule invoked should be
applied to a matter of this kind.  The jury is not permitted to
view the premises for the purpose of gathering evidence, but
for the purpose of better understanding the evidence which
has been adduced before it regarding said premises.  We will
therefore review questions such as are presented here notwith-
sanding it appears that the premises were inspected by the
jury.

Answering appellants' contention that there was no evi-
dence to sustain a verdict for less than $400, we call attention
tion to the fact that the placing of an amount upon this prop-
erty by each of the witnesses as its value was merely the ex-
pressing of the opinion of such witness.  If there were no evi-
dence in the case except these expressions of opinions by the
various witnesses, and no evidence or facts which could be
deemed at variance therewith, we would doubtless feel that a
case was presented wherein the trial court should have granted
a new trial.  But there was other evidence.  One of the wit-
nesses, although he had fixed the value of the parcel of land

at a certain sum, nevertheless in speaking thereof, said it had "virtually none, in the ordinary way and sense of selling property." Each and all of these witnesses gave a description of this property, and stated numerous facts calculated to show its advantages and disadvantages, considerable evidence being given as to the selling price of other real estate in that part of the city.

All of this evidence had to do with facts which the jury had a perfect right, and which it was their duty, to consider in arriving at their verdict. The facts thus established by this evidence evidently led the jury to reach an opinion in their own minds which was different from that of any of the witnesses. The evidence of these various witnesses as to the condition, qualification, environment, merits and demerits of this property, and as to the prices for which other property had sold in that neighborhood, viewed in the light of their own observations when they viewed the premises, induced the jury to fix the value of said premises in an amount lower than that estimated by any witness except the one who said it had "virtually none." As a matter of law, it was certainly the privilege of the jury to do this. Having done so, and the appellants having moved for a new trial, it then became the duty of the trial judge to ascertain whether or not there were any reasons for setting aside such verdict. If he believed the verdict to be grossly inadequate, or that a fair legal trial was not had, he should have granted a new trial. No passion or prejudice, or facts from which it would necessarily be inferred, are charged; and this is not made a ground of the motion for a new trial. We cannot therefore presume that the jury was thus affected.

To the contention that, in the light of all of the evidence, the verdict was so grossly inadequate as to make it an abuse of discretion for a trial judge to permit it to stand, we must say that it does not so appear. The case was tried by a resident judge of Seattle who may be reasonably presumed

to have known, at least in a general way, of the situation, character and value of this property and perhaps not unacquainted with the witnesses. The latter were personally before him. He heard their testimony and saw their appearance and conduct upon the stand. He could observe their manner of answering questions and giving testimony. All of these matters furnished the trial judge a much better opportunity to weigh the testimony than has a judge in an appellate court. In view of these facts, and especially in view of the fact that the amounts stated by the various witnesses were but the expression of opinion, and keeping in mind that there was much other evidence touching the character and condition of the property, we cannot say that the trial judge was guilty of an abuse of discretion in not granting the motion for a new trial. That courts should be slow to overturn verdicts rendered in proceedings of this kind, may be seen by an examination of the following authorities: 7 Ency. Plead. & Prac., 581, 593, 594; *Parks v. Boston,* 15 Pick. 198; *Chicago etc. R. Co. v. Jacobs,* 110 Ill. 414; *McReynolds v. Burlington etc. R. Co.,* 106 Ill. 152; *City of Kansas v. Street,* 36 Mo. App. 666; *City of Kansas v. Butterfield,* 89 Mo. 646, 1 S. W. 831; *Guyer v. Davenport etc. R. Co.,* 196 Ill. 370, 63 N. E. 732; *Conness v. Indiana etc. R. Co.,* 193 Ill. 464, 62 N. E. 221; *Kiernan v. Chicago etc. R. Co.,* 123 Ill. 188, 14 N. E. 18; *Omaha etc. R. Co. v. Walker,* 17 Neb. 432, 23 N. W. 348; *Groves etc. R. Co. v. Herman,* 206 Ill. 34, 69 N. E. 36; *Mitchell v. Illinois etc. R. Co.,* 85 Ill. 566; *Shoemaker v. United States,* 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170; *Washburn v. Milwaukee etc. R. Co.,* 59 Wis. 364, 18 N. W. 328; *Beveridge v. Lewis,* 137 Cal. 619, 67 Pac. 1040, 70 Pac. 1083, 92 Am. St. 188, 59 L. R. A. 581; *Fort-St. Union Depot Co. v. Jones,* 83 Mich. 415, 47 N. W. 349; *Lehigh Valley Coal Co. v. Chicago,* 26 Fed. 415; *In re Smith,* 15 N. Y. Supp. 516; *Stockton v. Chicago,* 136 Ill. 434, 26 N. E. 1095; *Gorgas v. Philadelphia etc. R. Co.,* 144 Pa. St. 1, 22 Atl. 715.

In the case of *Conness v. Indiana etc. R. Co., supra,* the court said:

"In this class of cases, where the jury is allowed to go and view the premises and act from their own knowledge as well as from the evidence, we should only feel warranted in setting it aside where it appeared grossly inadequate or grossly excessive."

In the case of *Beveridge v. Lewis, supra,* the court held, in substance, that,

"The jury may be permitted, in weighing the evidence in an eminent domain proceeding, to exercise their individual judgment as to values upon subjects within their knowledge which they have acquired through experience and observation."

In the case of *Groves etc. R. Co. v. Herman, supra,* the court said, in effect, that,

"In proceedings for the condemnation of land, the jury may base their verdict on knowledge gained from inspection of the premises, as well as upon the testimony of witnesses whose statements were mere opinions and conclusions as to the extent of damages."

The supreme court of Pennsylvania, in *Hartman v. Reading etc. R. Co.* (Pa.) 13 Atl. 774, used this language:

"When a jury have viewed and examined the premises [in proceedings to recover damages sustained by the construction of a railroad], their own observation . . . is just as good as that of any of the witnesses; and while they are not to disregard the testimony produced on the trial, they are, nevertheless, not required to repudiate the evidence of their own senses."

And in the case of *City of Kansas v. Butterfield, supra,* the court sustained an instruction to the following effect:

"That the jury are not bound by the testimony of experts and others concerning the value of the land proposed to be taken and the actual damage done, but may apply their own judgment and knowledge as to such value and damage, in connection with the testimony in the case."

It will be noticed that these courts have gone much further than we find it necessary or proper to go in this case.

No error being assigned except that upon the action of the trial court in overruling the motion for a new trial, and it not being made to appear that such ruling was erroneous, the judgment of the superior court is affirmed.

MOUNT, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.

RUDKIN, J. (dissenting)—The sole question at issue in this case was the value of a tract of land sought to be appropriated for a public use. The verdict of the jury is substantially less than the lowest estimate placed on the property by any witness on either side. Such a verdict is, in my opinion, contrary to the evidence and should be set aside. I therefore dissent.

HADLEY, J., concurs with RUDKIN, J.