[No. 8634.   Department Two.   August 15, 1910.]

THE CITY OF TACOMA, *Respondent*, v. L. N. HANSEN, *Appellant*.[1]

EMINENT DOMAIN—DAMAGES TO REMAINDER—EVIDENCE—SUFFICIENCY. In condemnation proceedings the verdict of the jury finding no damages to land not taken is supported by the evidence, and will not be disturbed on appeal, where one of the witnesses for the city testified that the northerly tract would not be damaged and that there might be about ten per cent damages to the southerly tract, and another witness testified that the southerly portion would be just as valuable now as it was before; especially where the jury viewed the premises and the trial judge sustained the verdict.

Appeal by defendant from a judgment of the superior court for Pierce county, Easterday, J., entered October 25, 1909, upon the verdict of a jury awarding damages in condemnation proceedings. Affirmed.

[1]Reported in 110 Pac. 426.

*F. S. Blattner* and *L. B. da Ponte,* for appellant.

*T. L. Stiles, F. R. Baker,* and *F. A. Latcham,* for respondent.

Crow, J.—The city of Tacoma instituted this action to condemn lands of the defendants L. N. Hansen and others for street purposes. The jury awarded Hansen $1,463 for lands taken, $550 for moving improvements, but found no damages to his land not taken. From the final judgment entered on their verdict, the defendant Hansen has appealed.

Appellant contends that the trial court erred in denying his motion for a new trial. The proposed street will pass through appellant's land, which is unplatted, in such a manner as to divide the portion not taken into tracts of unequal size. He claimed damages to the land not taken, and insists that, since the uncontradicted evidence was that the remaining parts of his land not taken were damaged, the verdict finding no damages should have been set aside. The jury inspected the premises, the land taken, that not taken, and the general location of the proposed street. Appellant in his brief asserts that two witnesses called by the city testified that, in their opinion, the land not taken was worth from $2,500 to $3,000 per acre, and would be damaged by the proposed improvement, to the extent of ten per cent of such value; while two witnesses called by him, testified to a value of $5,000 to $5,500 per acre, and a damage of from 50 to 60 per cent of such value; and that no other evidence on this issue was offered. He contends that the jury were not at liberty to substitute their arbitrary judgment or opinion for this sworn testimony of expert witnesses; that damages to the land not taken should have been found; that the verdict of no damages is not supported by the evidence, and that a new trial should have been granted.

The record does not support appellant's contention as to the effect and substance of what he claims to be the undisputed evidence. The strip taken will divide his land into two

parts, one located north, and the other south, of the proposed street. One of respondent's witnesses positively testified that the northerly tract would not be damaged, and suggested that there "might be about ten per cent damages on the lower tract." In referring to the southerly tract, one Smith, the other witness called by respondent, on cross-examination testified as follows:

"Q. Assuming that this southwesterly line of the land between the southerly line of the land and the southerly line of the road were but 75 feet, and the easterly point of that land were not, would you say that that land was not damaged by reason of the street going through? A. Considering the value of the improvement, I would say not damaged. Q. Do you mean to tell the jury that a piece of land approximately 75 feet to the southerly line of the property from the southerly line of the road, and approximately 160 feet in length with no width at the apex, would be just as valuable then as in its position now? Is that what you mean to convey to the jury? A. Exactly."

It will thus be observed that the testimony of one of these witnesses was to the effect that no damages would result to the northerly portion of the land not taken, while the testimony of the other was that no damage would result to the southerly portion not taken. In any event, the jury made a personal inspection of the property, its location, and surroundings, and such view was evidence to be considered, in connection with the testimony of the experts. It is impossible for us to determine what facts and conditions were disclosed by the view. After making the inspection and weighing all the evidence, the jury found that no damages would result to the land not taken by reason of the proposed improvement. The trial judge sustained their verdict, and under the rule announced in *In re Spring Street*, 41 Wash. 366, 83 Pac. 242, it should not be set aside by this court on appeal for want of sufficient evidence to sustain it. We are not announcing any rule to the effect that the jury are not required to consider, weigh, and pass upon the testimony of the ex-

pert witnesses, or that they may rest their verdict solely upon their knowledge obtained from a view of the premises. On the contrary, we hold that it was their duty to consider all the evidence, including the oral testimony as well as that afforded them by the view. This is what they undoubtedly did, under proper instructions given them by the trial judge, to which no exceptions have been taken. Referring to a verdict in a condemnation proceeding, of which complaint was made, this court, in *In re Mercer Street*, 55 Wash. 116, 104 Pac. 133, said:

"The question presented for our consideration is, not what our own conclusion from the evidence would be, but whether the conclusions of the jury as expressed in their verdict must stand. An appellate court should hesitate before setting aside the verdict of a jury in a condemnation case, and it will only make such order when it clearly appears that the verdict is unjust and unsupported by any competent evidence. 7 Ency. Plead. & Prac., 593-4; *In re Spring Street*, 41 Wash. 366, 83 Pac. 242; *Conness v. Indiana etc. R. Co.*, 193 Ill. 464, 62 N. E. 221; *Fort Street Union Depot Co. v. Jones*, 83 Mich. 415, 47 N. W. 349; *Hartman v. Reading & P. R. Co.* (Pa.), 13 Atl. 774. On a pure question of fact, such as is here presented, it is evident that the jurors who heard the witnesses and examined the property and were familiar with the situation and all of its surroundings, are much better qualified to estimate the damages to be awarded than this court would possibly be, and the right to fix such damages being exclusively within the province of the jury, their verdict should not be disturbed except for the want of competent evidence to support it."

Taking into consideration all the evidence, including the view of the premises, which afforded the jury an opportunity for understanding the exact situation and estimating any probable damages which might result from the improvement, we cannot say that their verdict of no damages to the property not taken should be set aside for the want of sufficient evidence to support it.

Appellant further insists that his motion for a new trial should have been sustained, for the reason that the verdict of

the jury, allowing him only $1,463 for the land taken, is inadequate. Considering the amount of the land taken and the valuation placed thereon by the various witnesses, the award seems to be well within the evidence, and cannot be disturbed. The judgment is affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and MOUNT, JJ., concur.