THE FORT-STREET UNION DEPOT COMPANY v. HENRY K.
JONES AND MATHILDA CASS THOMPSON.

*Railroad companies—Condemnation proceedings—Prior negotia-
tions—Province of jury—Appeal.*

1. The negotiations for the purchase of property required by the
   statute before instituting proceedings for its condemnation con-
   template *knowledge* on the part of the land-owner of the
   *purpose* for which the land is wanted.

2. A *bona fide* offer by a railroad compay of an amount which it
   considers a fair price for land, and a refusal by the owner to
   accept it, are sufficient negotiations, within the condemnation
   statute; and it is of no consequence that the agent making the
   offer had no expectation that it would be accepted.

3. In condemnation proceedings the jury are judges of law and
   facts, and their conclusions are not based entirely on testimony.
   They are expected to use their own judgment and knowledge
   from a view of the premises, and their experience as free-
   holders, as much as the testimony of witnesses to matters of
   opinion; citing *Railway Co. v. Dunlap*, 47 Mich. 466; and
   appellate courts should not interfere, unless the errors com-
   plained of are such as may fairly be said to have had a con-
   trolling influence in securing the result.

4. While, under the statute, this Court may, upon appeal, set aside
   an award of a jury in condemnation proceedings, and order
   a new appraisal, this should only be done where it is clear
   that the award is against the evidence.

Appeal from Wayne. (Full bench.) Argued October
17, 1890. Decided December 5, 1890.

Proceedings to condem land for purposes of union
depot. Respondents appeal from an award of $10,000 and
$21,000 respectively. Proceedings affirmed, and appeal dis-
missed. The facts are stated in the opinion.

*Walker & Walker*, for respondents, contended:

1. The inability of the petitioner to acquire the property amicably by agreement with the owner is jurisdictional, and must be alleged, and may be controverted; citing *Railroad Co. v. Sanford*, 23 Mich. 418; *Railroad Co. v. Weiden*, 69 Id. 572; and the petitioner cannot truly aver such inability without effort by some one authorized to bind it to induce respondent to accept an offer made honestly, and not merely formal and colorable; citing *Railroad Co. v. Weiden*, 70 Mich. 390.

*F. A. Baker*, for petitioner, contended for doctrine stated in the opinion.

GRANT, J. This was a proceeding brought by the petitioner for the condemnation of lands for its use. All questions of the constitutionality of the act under which the petitioner was organized were raised and disposed of in the case of *Fort-street Union Depot Co. v. Morton, ante*, 265.

Three other objections are raised by the respondents to the validity of the proceedings, viz.:

1. No negotiations were had with the respondents for the purchase of the property prior to the commencement of the proceedings.

2. The petitioner was permitted to offer in evidence the price it had paid for neighboring property for its own use.

. 3. The awards of the jury were against the weight of evidence.

1. Mr. C. B. Lothrop, on behalf of the petitioner, conducted the negotiations with the respondents. It is evident that both the respondents before the conclusion of the negotiations, and before the final offer was made to them by Mr. Lothrop, fully understood that he was acting on behalf of the petitioner. One Mr. J. Huff Jones represented Mrs. Thompson, who was not a resident of Detroit. Mr. Lothrop testified that Mr. Jones had charge of the lots; that they were for sale, and that he first fixed the price at $150 a foot; that Jones

agreed to submit the matter to Mrs. Thompson; that she refused to sell at that price; that Jones again fixed the price at $25,000,—a little over $150 a foot; that they finally agreed upon that as the price. Up to this time respondents had not learned the purpose for which the lots were wanted. Mr. Lothrop further testified that, after the articles of incorporation were filed, he again saw Mr. Jones, who said he could not give him a decided answer; that Mr. Jones gave him a letter of introduction to Mrs. Thompson; that she said she left it entirely in the hands of Mr. Jones; that he then made a formal offer of $180 a foot, which, in his judgment, was more than the property was worth; that he wrote to respondent Jones, in Boston, making him a formal offer of $180 a foot; that Jones wrote back declining it; and that when Jones returned from Boston he again refused to accept the offer. On cross-examination, witness testified that when he made the offers to respondents he had no expectation that either would accept.

So far as the negotiations which were conducted prior to the time that respondents knew the purpose for which the land was wanted, they were not within the statute. These negotiations provided for by the statute contemplate knowledge on the part of the land-owners of the purpose for which the lands were wanted. If the negotiations stopped there, we should be compelled to hold the proceedings void. But, as already stated, before the negotiations, closed, the respondents had such knowledge. A *bona fide* offer of an amount which the petitioner considered a fair price, and the refusal to accept it, are sufficient negotiations, within the statute. It is of no consequence that petitioner's agent had no expectation that the offer would be accepted.

2. The second objection is ruled by *Toledo, A. A. &*

*G. T. Ry. Co. v. Dunlap,* 47 Mich. 466, where, Mr. Justice CAMPBELL, in delivering the opinion, said:

"In all such cases the Constitution, as well as the principles of the common law, makes them [the jury] judges of law and fact.    *    *    *    Their conclusions are not based entirely on testimony.   They are expected to use their own judgment and knowledge from a view of the premises, and their experience as freeholders, quite as much as the testimony of witnesses to matters of opinion."

It was there also held that the functions of the judge in such cases were advisory merely, and that such controversies as this cannot be disposed of on merely technical notions.   These proceedings may be instituted in probate courts, the judges of which are frequently not lawyers, and are unfamiliar with the rules of evidence. If they were to be set aside on account of errors in the admission or rejection of testimony, the difficulty of obtaining a finding by the jury which could stand the test would be apparent.   Appellate courts should not interfere, unless the errors complained of are such as may fairly be said to have had a controlling influence in securing the result.   The proof here complained of cannot be said to have exercised any such influence.

A careful examination of the testimony upon the question of values does not convince us that a case is made calling for the interference of this Court.   While, under the statute, this Court may, upon appeal, set aside an award of the jury, and order a new appraisal, this should only be done where it is clear that the award is against the evidence.   In this case, the damages awarded were within the values placed upon the property by several witnesses.[1]   The jury knew the purpose for which the

---

[1] Defendant Jones was awarded $10,000, and defendant Thompson $21,000.

land was to be condemned, and we cannot say that they did not consider the value of the land for that purpose. They viewed the premises, saw the witnesses while testifying, and were chosen because of their supposed knowledge of the value of real estate in the vicinity. We cannot say that the award, was against the evidence, or even against the weight of evidence.

We find no error in the proceedings, and they must therefore be affirmed, and the appeal dismissed, with costs.

The other Justices concurred.