PALMER v. STATE LAND OFFICE BOARD.

1. TAXATION—STATUTES—AMENDMENTS.

The rights of a person whose land has been sold at scavenger sale in 194) for nonpayment of taxes depend on the statute law in effect at the time of the sale as subsequent amendments to State land office board act under which the sale was held are not retroactive (Act No. 155, Pub. Acts 1937, as amended by Act No. 363, Pub. Acts 1941).

2. SAME—GOOD-FAITH ATTEMPT AT PAYMENT—RELIEF OF LANDOWNER.

A good-faith attempt by a landowner to pay his taxes to the proper officer who prevents completion of payment by mistake, wrong, or fault constitutes payment and entitles the landowner to have a conveyance by the auditor general withheld or issuance of a certificate of error as circumstances require when the right is asserted in the proper manner (1 Comp. Laws 1929, § 3490, as amended by Act No. 52, Pub. Acts 1939).

3. SAME—REDEMPTION—MANDAMUS.

Mandamus will lie to compel the auditor general to cancel a tax sale and allow the owner to redeem the property from the sale when he has been misinformed by the county treasurer that the lands were not held for any other delinquent taxes.

4. SAME—CONSTRUCTION OF STATUTES.

Clauses of general property tax law "that the taxes had been paid" and of the State land office board act "that said land was not delinquent for  * * *  taxes" connote the same meaning and have same effect as respects landowner who had made a good-faith attempt to pay taxes (1 Comp. Laws 1929, § 3490, as amended by Act No. 52, Pub. Acts 1939; Act No. 155, § 3, Pub. Acts 1937).

5. SAME—STATE LAND OFFICE BOARD ACT—GENERAL PROPERTY TAX LAW—STATUTES IN PARI MATERIA.

The State land office board act under which are held the so-called scavenger sales of land to which the State has acquired

absolute title under the general property tax law for nonpayment of taxes must be considered *in pari materia* with such latter law (1 Comp. Laws 1929, § 3389 *et seq.;* Act No. 155, Pub. Acts 1937).

6. STATUTES—IN PARI MATERIA.

Statutes *in pari materia* are those which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose; and although an act may incidentally refer to the same subject as another act, it is not *in pari materia* if its scope and aim are distinct and unconnected.

7. SAME—CONSTRUCTION—RELATED SUBJECTS OR PURPOSES.

All statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times, and contain no reference to one another.

8. SAME—CONSTRUCTION—OTHER STATUTES.

In the construction of a particular statute or in the interpretation of its provisions, all statutes relating to the same subject or having the same general purpose should be read in connection with it, as together constituting one law although enacted at different times and containing no reference to one another, to the end that it may be determined how the legislative policy with reference to the subject matter has been changed or modified from time to time.

9. SAME—CONSTRUCTION OF LATER STATUTE ON SAME SUBJECT.

A subsequent statute embracing only part of a subject covered comprehensively by a prior law should be construed together with it unless a different legislative intent appears, the later being an exception or qualification of the prior only so far as they are repugnant.

10. SAME—OBJECT OF RULE IN PARI MATERIA.

The object of the rule *in pari materia* is to carry into effect the purpose of the legislature as found in harmonious statutes on a subject.

11. TAXATION—AUDITOR GENERAL—DETERMINATION OF QUESTION OF DELINQUENCY—EVIDENCE.

Under statutes relating to sale of property for nonpayment of taxes, the auditor general must determine the fact of delinquency or nondelinquency in payment of property taxes upon competent proof.

12. STATUTES—PUBLIC BODIES OR OFFICERS—MANDATORY ACTS.

> Statutes which confer upon a public body or officer power to act for the sake of justice, or which clothe a public body or officer with power to perform acts which concern the public interests or the rights of individuals, are generally regarded as mandatory, although the language is permissive merely, since they are construed as imposing duties rather than conferring privileges.

13. TAXATION—GOOD-FAITH ATTEMPT TO PAY TAXES—SCAVENGER SALE—DETERMINATION BY AUDITOR GENERAL AS TO DELINQUENCY —MISTAKE OF COLLECTOR.

> Landowner who claimed to have made good-faith attempts to pay taxes for nonpayment of which land was sold to State and later by it at the so-called scavenger sale was entitled as a matter of right to hearing by auditor general for purpose of determining whether delinquency in payment of taxes was due to mistake or fault of the tax-collecting officials and, if found by him not to have been delinquent for the taxes for which it had been sold, the auditor general must certify amount due (Act No. 155, § 3, Pub. Acts 1937).

14. SAME—MANDAMUS—COSTS—DETERMINATION OF DELINQUENCY.

> Landowner who was required to resort to mandamus to compel auditor general to hold a hearing to determine whether or not taxes for which land was sold at so-called scavenger sale were actually delinquent may deduct costs of mandamus proceeding from sum found due if successful at hearing; otherwise no costs are allowed (Act No. 155, § 3, Pub. Acts 1937).

Petition by Louise R. Palmer for mandamus against State Land Office Board, Clarence W. Lock, executive secretary of said board, and Vernon J. Brown, Auditor General, for a hearing on the good faith of petitioner's attempt to pay taxes, to compel the Auditor General to certify to said board that taxes were not delinquent, and for other relief. Submitted February 9, 1943. (Calendar No. 41,308.) Writ granted April 6, 1943.

*John J. Temple* and *Robert B. Locke,* for petitioner.

Herbert J. Rushton, Attorney General, Edmund E. Shepherd, Solicitor General, and Peter E. Bradt, Assistant Attorney General, for defendants.

BOYLES, C. J.   For 15 years prior to February 13, 1940, plaintiff was the owner of certain lands in Allegan county.   On petition of the auditor general, the circuit court for Allegan county in 1938 entered a decree for sale of said land for delinquent taxes, and at the annual tax sale held in May, 1938, in pursuance of said decree, the State bid in the property for 1935 delinquent taxes.   After the title of the State became absolute, the auditor general deeded the land to the State land office board, and on February 13, 1940, the land office board sold the land at public sale.   A certificate of purchase was issued to the purchaser but no deed has been executed and delivered, pending the outcome of this case.   Plaintiff, having been informed of the situation too late to match the bid of the purchaser as a former owner of the land, informed the defendants herein that prior to the sale she had made good-faith attempts to pay the taxes for which the land had been sold, but that through the mistake, fraud, wrong or fault of the tax-collecting officials she had been led to believe that the taxes had been paid.   Plaintiff requested the auditor general to grant a hearing, and a determination whether or not she had made a good-faith attempt to pay the taxes and had been prevented by the mistake, fraud, wrong or fault of the tax collector.   The auditor general refused to act in the matter, plaintiff thereupon filed a petition in this court for the writ of mandamus, and we issued an order directing the auditor general to show cause why such hearing should not be had, with a determination of the facts, and a certificate to the

State land office board of the result. The case is here on petition and answer and briefs filed by the parties.

It is conceded by both parties that plaintiff's rights depend on the statute law in effect prior to the amendments passed by the legislature in 1941, hence no reference is made herein to any changes or additions made in the statute law since 1940. The attorney general concedes that under the 1941 amendments plaintiff would be entitled to the relief sought. Act No. 363, Pub. Acts 1941 * (Comp. Laws Supp. 1942, § 3723-1 *et seq.*, Stat. Ann. 1942 Cum. Supp. § 7.951 *et seq.*), is not retroactive. *National Bank of Detroit* v. *State Land Office Board,* 300 Mich. 240.

Section 98 of the general tax law (1 Comp. Laws 1929, § 3490, as amended by Act No. 52, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3490, Stat. Ann. § 7.151]), as applied to the situation, provided:

"Whenever any lands returned to the office of the auditor general under the provisions of any of the general tax laws, or to the county treasurer during the life of the tax law of eighteen hundred ninety-one, shall have been sold on account of nonpayment of taxes thereon, if the auditor general shall discover before a conveyance of said lands is executed and delivered: * * *

"Second, That the taxes had been paid to the proper officer within the time limited by law for the payment or redemption thereof; * * *

"The auditor general shall withhold a conveyance of such lands and shall, on demand, cause the money paid therefor to be refunded to the purchaser with interest thereon at six per cent per annum."

In *Hand* v. *Auditor General,* 112 Mich. 597, the taxpayer relied on the statement of the county treas-

---

* Amending Act No. 155, Pub. Acts 1937.—Reporter.

urer, was misinformed, the taxes were unpaid, the land was sold for delinquent taxes under order of the court and bid in by the State. Hand, a stranger to the proceedings, made application to the auditor general to purchase the State bid, and tendered the money. In the meantime, the former owner, having discovered the situation, tendered the tax to the auditor general, established the fact that he had made a reasonable effort to pay the tax in good faith, was prevented by the mistake of the county treasurer, and the court held he was entitled to cancellation of the tax sale. This was so held by this court under the provisions of Act No. 206, § 98, Pub. Acts 1893, as amended by Act No. 154, Pub. Acts 1895, which is in substance section 98 of the present general tax law (1 Comp. Laws 1929, § 3490, as amended by Act No. 52, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3490, Stat. Ann. 1940 Cum. Supp. § 7.151]) now referred to by plaintiff.

In *Hough* v. *Auditor General,* 116 Mich. 663, the taxpayer appeared before the tax collector, stated he wanted to pay his taxes, was informed of the amount, paid it, there were some other taxes not paid as to which the collector was mistaken and the taxpayer misinformed. The delinquent taxes were returned, later the lands were sold under decree of the court, and deeded to the purchaser by the auditor general. Upon discovery of the facts, the taxpayer filed a petition in the circuit court against the auditor general and the purchaser to set aside the tax sale. The court found that the taxpayer intended and attempted to pay all the taxes, was deceived and misled by the statement of the tax collector, and set aside the decree for the sale, citing *Hand* v. *Auditor General, supra.*

A good-faith attempt by the landowner to pay his taxes is equivalent to payment, and the relief that

plaintiff now seeks, namely, to compel a hearing of the facts by the auditor general, is the only remedy available to plaintiff for relief.

"While a good-faith attempt by a landowner to pay his taxes to the proper officer, which attempt is rendered unavailing by the mistake or fault of the latter, is equivalent to a payment, entitling the former to the benefit either of section 70 or of section 98 of the tax law (Act No. 206, Pub. Acts 1893), providing, respectively, that the court may set aside a sale, in case the tax had been paid, upon application made by the owner within one year after receiving notice of the sale, and that the auditor general, on discovering that a tax had been paid before sale, may withhold a conveyance or issue a certificate of error, as the circumstances may require, the owner must resort to one or the other of the remedies so prescribed, and, not having done so, cannot set up the facts to defeat an action of ejectment brought by the holder of the tax deed." *Kneeland* v. *Wood* (syllabus), 117 Mich. 174.

In so deciding, this court said:

"We think the provisions of this section should receive a liberal construction, to the end that a taxpayer justly entitled to relief may not be cut off from all remedy. *Hand* v. *Auditor General*, 112 Mich. 597. It is held in numerous cases that, if a landowner in good faith applies to the proper officer for the purpose of paying his taxes, and is prevented by the mistake, wrong, or fault of the officer, such attempt to pay is equivalent to payment."

Mandamus will lie to compel the auditor general to cancel a tax sale and allow the owner to redeem the property from the sale when he has been misinformed by the county treasurer that the lands were not held for any other delinquent taxes. The

auditor general's deed to the tax purchaser was cancelled, in *Hoffman* v. *Auditor General,* 136 Mich. 689.

"Assurance by the county treasurer, at the time a landowner pays his State and county tax, that there are no other taxes standing against the land, is equivalent to payment of any other tax then due, and, in case of a sale, entitles the landowner to have the sale set aside under section 70 of the tax law (1 Comp. Laws 1897, § 3893)." *Hayward* v. *O'Connor* (syllabus), 145 Mich. 52.

In the above case, this court said:

"Was petitioner entitled to relief upon his claim that the taxes had been paid? Petitioner does not claim that the taxes were actually paid. Indeed, he says that they had not been paid; but he avers that the county treasurer had assured his grantor, at the time the latter was paying the State and county taxes against the land, that there were no other taxes against the same. This we have held was equivalent to payment."

The above cases leave no room for doubt. The rule in this State is, that under sections 70 and 98 of the general tax law (1 Comp. Laws 1929, § 3462 as amended by Act No. 325, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 3462, Stat. Ann. 1940 Cum. Supp. § 7.115]; 1 Comp. Laws 1929, § 3490, as amended by Act No. 52, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3490, Stat. Ann. 1940 Cum. Supp. § 7.151]), a good-faith attempt to pay taxes made within the proper time and to the proper official, which fails through mistake or fault of the tax-collecting official, is the equivalent of payment when asserted in the proper manner.

The remaining question is, whether the above rule applies to sales of land by the State land office board under Act No. 155, Pub. Acts 1937, as amended by

Acts Nos. 29, 244, 329, Pub. Acts 1939, as in effect prior to the 1941 amendments. Section 3 of the above act then provided:

"When the title to any lands shall be vested in the State of Michigan by virtue of any tax sale after the effective date of this act, and the auditor general shall certify that said land was not delinquent for the taxes of one or more of said years for which the same was sold and that the taxes of any one or more of said years should be cancelled, and further certify to the amount due on said land as delinquent taxes, interest and penalties, the State land office board or the department of conservation is hereby authorized and empowered to convey the land described in such certificate to the record title owner thereof at the time of the vesting of title in the State of Michigan, upon payment of any and all amounts due as certified by the auditor general."

The language of section 98 of the general tax law, as we have noted, is "that the taxes had been paid;" the language of the land board act, quoted above, is "that said land was not delinquent for * * * taxes." As used in the tax laws, they connote the same meaning and as applied to the case at bar have the same effect. In simple language, "delinquent taxes" means taxes overdue and unpaid. The land board act, Act No. 155, Pub. Acts 1937, as amended, must be considered as *in pari materia* with the general tax law.

"Statutes *in pari materia* are those which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose; and although an act may incidentally refer to the same subject as another act, it is not *in pari materia* if its scope and aim are distinct and unconnected. It is a well-established rule that in the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be

read in connection with it, as together constituting one law, although they were enacted at different times, and contain no reference to one another. The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover how the policy of the legislature with reference to the subject matter has been changed or modified from time to time. In other words, in determining the meaning of a particular statute, resort may be had to the established policy of the legislature as disclosed by a general course of legislation. * * *

"Where a statute embraces only part of a subject covered comprehensively by a prior law, the two should be construed together unless a different legislative intent appears; the later being an exception or qualification of the prior only so far as they are repugnant. *Stewart* v. *Deland-Lake Helen Special Road & Bridge District in Volusia County,* 71 Fla. 158 (71 South. 42).

" 'The object of the rule *in pari materia* is to carry into effect the purpose of the legislature as found in harmonious statutes on a subject.' *C. N. Ray Corp.* v. *Secretary of State,* 241 Mich. 457.'' *Rathbun* v. *State of Michigan,* 284 Mich. 521.

"If, whenever a new statute is passed, it is necessary that all prior statutes, modified by it by implication should be re-enacted and published at length as modified, then a large portion of the whole code of laws of the State would require to be republished at every session, and parts of it several times over, until, from mere immensity of material, it would be impossible to tell what the law was." *People* v. *Mahaney,* 13 Mich. 481, 495.

Section 3 of the "scavenger sales act," cited above, does not indicate how the facts of nondelinquency shall be made to appear. It follows that the auditor general must determine delinquency or nondelinquency upon competent proof. Interpreting

section 98 of the general property tax law, this court stated in *Kneeland* v. *Wood, supra,* at page 176:

"As there is no provision as to how the fact of payment shall be made to appear, it must be held that the auditor general may satisfy himself of the fact of payment (or, as in this case, attempt to pay rendered unavailing through the fault of the officer) by any competent proof, subject to review by the courts in a proper proceeding."

"Statutes which confer upon a public body or officer power to act for the sake of justice, or which clothe a public body or officer with power to perform acts which concern the public interests or the rights of individuals, are generally regarded as mandatory, although the language is permissive merely, since they are construed as imposing duties rather than conferring privileges." *Smith* v. *Grand Rapids City Commission,* 281 Mich. 235, 242.

We conclude that it is mandatory upon the auditor general to hear and determine whether plaintiff made a good-faith attempt to pay the taxes and failed through the mistake or fault of the tax-collecting officials, and, if so found by him, to certify that said land was not delinquent for the taxes for which the same was sold, and certify the amount due on said land as delinquent taxes, interest and penalties. The duties of the State land office board, if such certificate be received, are plainly prescribed in section 3 of the land board act, *supra.*

The writ of mandamus will issue, if necessary. If plaintiff prevails at such hearing, she may deduct her costs of this proceeding from the amount of delinquent taxes, et cetera, to be paid by her. Otherwise, no costs allowed.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.