## ANGHELL v. STATE LAND OFFICE BOARD.

1. TAXATION—CERTIFICATE OF PAYMENT—EXEMPTIONS.
   Where no payment of a delinquent tax was made before 1939 when the State acquired absolute title to land in question, the fact that the lands were exempted from taxes for several years prior to such year would not entitle the holder of the record title to issuance of a statutory certificate by the auditor general pursuant to statute that the delinquent taxes, interest and penalties had been paid (1 Comp. Laws 1948, § 211.353).

2. MANDAMUS—AUDITOR GENERAL—CERTIFICATE OF PAYMENT OF TAXES.
   Mandamus will not lie to compel the auditor general to certify to the State land office board that taxes have been paid when such taxes were not paid or the property was exempt (1 Comp. Laws 1948, § 211.353).

3. COSTS—PUBLIC QUESTION—CERTIFICATE OF PAYMENT OF TAXES.
   No costs are allowed in mandamus proceeding to compel auditor general to certify that taxes have been paid on certain land, a public question being involved.

Mandamus by Emilia Forgach Anghell to compel Auditor General to accept payment of delinquent taxes and to certify to State Land Office Board that taxes have been paid and to compel defendant board

to convey to plaintiff.    Submitted April 5, 1949. (Calendar No. 44,150.)    Writ denied May 18, 1949.

*Aladar H. Hamborsky* and *Sandor Engel,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons,* Chief Assistant Attorney General, for defendants.

BOYLES, J.  On the petition of this plaintiff we issued an order directing the auditor general to show cause why a writ of mandamus should not be issued commanding him to accept from the plaintiff certain delinquent taxes and interest, and to certify to the State land office board that such taxes and interest had been paid; also commanding the said board to thereupon convey certain State-owned land to the plaintiff.  Returns to said order have been filed, and the matter submitted on briefs.  The facts are not in dispute.

In 1943, plaintiff by quitclaim deed acquired whatever interest (except for a life estate reserved therein and since terminated) one Anna Szilli had in certain land in the city * of Ecorse in Ecorse township, Wayne county.  If, under the circumstances of the case, Anna Szilli at that time did not have title to the property, plaintiff cannot prevail.  Anna Szilli had paid the taxes assessed against said property by the township of Ecorse and the (then) village of Ecorse up to and including the year 1930. The township tax for the year 1931 became delinquent and was sold at an auditor general's tax sale in 1938, to the State of Michigan.  The village tax was paid on July 31, 1931.  Anna Szilli, as a widow, filed a petition with the authorities of both the town-

---

* Incorporated as a city in 1941.

ship and the village to exempt the taxes upon said property, and both township and village exempted the 1932 township and village taxes. Similarly the township exempted the 1933 tax, but the village did not, and the 1933 village tax was also sold to the State of Michigan at the tax sale in 1938. In due time, the State's title became absolute.

Subsequent to 1933, both the township and the village *exempted* the taxes upon said property for the years 1934 to 1939, inclusive; and the State having taken title to said property by virtue of the tax sale in 1938, the taxes thereafter for the years 1940 to 1946, inclusive, were exempt for the reason that the land was owned by the State.

In May, 1943, plaintiff inquired of the county treasurer relative to any delinquent taxes upon said property and was informed that the State had title, that the above-described delinquent taxes had been sold to the State in 1938. Plaintiff then and there offered to pay said taxes, but was informed that the county treasurer could not accept said taxes, and that she would have to wait until a sale was had of said property. She made inquiry at the Detroit office of the State land office board and was informed that said delinquent taxes could not be paid, but that if said property were sold she could bid or match the bid of anyone who bid for said property. Thereupon she filed the instant petition in this Court.

Plaintiff claims that under Act No. 155, § 3, Pub. Acts 1937, as last amended by Act No. 16, Pub. Acts 1943 (1 Comp. Laws 1948, § 211.353 [Stat. Ann. 1947 Cum. Supp. § 7.953]), the county treasurer should have accepted her offer to pay the delinquent taxes for which the land had been sold to the State in 1938, and that the auditor general should thereupon have certified such payment to the State land office board; also, that upon the receipt of such certificate the State land office board should convey said lands

to her.   This involves construction of the statute, the pertinent part of which provides:

"When the title to any lands shall be vested in the State of Michigan by virtue of any tax sale after the effective date of Act No. 155 of the Public Acts of 1937, if the auditor general shall discover before a deed of said lands is executed and delivered or contract therefor is executed under the provisions of this act, and before such lands shall have been otherwise encumbered, developed, improved or otherwise disposed of by the board or department, * * * or that the taxes of one or more years subsequent to the year or years for which the State acquired title have been paid to any county, township, city or village treasurer prior to the date title vested in the State, the auditor general shall upon payment of the amount due on said land as delinquent taxes, together with interest and penalties to date, so certify to the State land office board or the department of conservation, which are hereby authorized and empowered to convey the land described in such certificate to the owner thereof."

Plaintiff concedes that she has not complied with the precise terms of the above provisions.   The taxes of one or more years "subsequent to the year or years for which the State acquired title" (1931 and 1933) have not been paid.   Plaintiff claims that the *exemption* from payment of such taxes has the same effect as if the taxes had been assessed and paid.   The precise question before us, as stated by her counsel, is:

"Can taxes exempt from payment be considered paid taxes?"

Plaintiff contends that the answer is "Yes."

The statute plainly sets up the conditions under which the auditor general shall certify certain facts to the State land office board.   It provides that upon

payment of the amount due as delinquent taxes, together with interest and penalties, prior to the date title vested in the State, the auditor general shall certify that fact to the State land office board. Admittedly there has been no payment such as the statute requires. There has been no payment whatever, and the date when payment could have been made expired when title vested in the State in 1939. Exemption from payment is not one of the conditions under which the auditor general is required to issue his certificate to the board, and under which the board may convey the land to the former owner. If the auditor general were to issue his certificate that the delinquent taxes, interest and penalties had been paid, under the situation shown here the certificate would be untrue.

Plaintiff relies on *Palmer* v. *State Land Office Board*, 304 Mich. 628. In that case the property owner at the proper time had made a good-faith attempt to pay the delinquent taxes for which the land was later sold and bid in by the State, but was prevented from doing so by the mistake of the tax collector in informing the owner that the taxes had been paid. The land had actually been assessed for taxes, it was not exempted, the taxes were actually due and payable thereon. The only method whereby the taxes could be erased was by payment, or by a good-faith attempt made by the owner to pay, prevented through no fault of the owner. The question whether exemption from taxes means the same as payment of taxes, under the statute here involved, is quite different from the question in that case.

Mandamus will not lie to compel the auditor general to certify to the State land office board that these taxes have been paid. The petition for the

writ is denied, without costs, a public question being involved.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETH-MERS, BUTZEL, and CARR, JJ., concurred.