## STATE HIGHWAY COMMISSION v WESTERMAN

1. Eminent Domain—Condemnation—Evidence—Exclusion of Testimony—Harmless Error.

   Exclusion of testimony relating to the relocation expenses of a manufacturing company was harmless error, if error at all, in condemnation proceedings where the jury determined that the property remaining after condemnation could still be used by the manufacturing company for industrial purposes, because the evidence of relocation costs would not have changed the result.

2. Statutes—In Pari Materia—Construction.

   Statutes which cover the same general subject matter are *in pari materia* and are to be regarded as one system, the later statute being construed as supplementary to the earlier one.

3. Eminent Domain—Condemnation—Apportionment of Award.

   A jury in a condemnation proceeding by the State Highway Commission is not required to apportion its award among the parties in interest unless requested to do so by one of the parties (MCLA 213.378).

4. Trial—Closing Argument—Improper Remarks—Preserving Question.

   Failure to object to opposing counsel's improper remark during closing argument or to request a curative instruction precludes appellate review unless the prejudicial effect of the remark could not have been rectified by an instruction.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 March 15, 1974, at Detroit. (Docket No. 15746.) Decided April 29, 1974.

Condemnation petition by the State Highway

References for Points in Headnotes
[1, 3] 27 Am Jur 2d, Eminent Domain §§ 375–381, 391.
[2] 73 Am Jur 2d, Statutes §§ 187–190.
[4] 53 Am Jur, Trial §§ 502–504, 506.

Commission against William C. Westerman, Edna T. Westerman, and Westgood Manufacturing Company. Compensation assessed at $6000. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas R. Sullivan,* Special Assistant Attorney General, for plaintiff.

*Yoe, Casey & Moore,* for defendants.

Before: J. H. GILLIS, P. J., and QUINN and O'HARA,* JJ.

J. H. GILLIS, P. J. The issue before the trial court in this condemnation action was the amount of compensation that should be awarded to defendants, Mr. and Mrs. Westerman, for that portion of their property taken by plaintiff, Michigan State Highway Commission. Defendants appeal from a jury verdict assessing compensation at $6,000.

The property, located in Macomb County, was acquired for a service drive for proposed highway I-696. Westgood Manufacturing Company, of which Mr. Westerman is president and sole stockholder, leased the property from defendants for light industrial purposes. A gravel driveway, parking area, and lawn were taken (approximately 25% of the parcel).

Expert appraisers testified for both sides. Plaintiff's expert estimated defendant's loss to be $6,000, while defendants' appraiser determined just compensation to be $14,500. The primary reason for the substantial disparity in valuation was defendants' appraiser's opinion that, due to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the loss of some parking space, the property was no longer appropriate for light industrial use and, consequently, was less valuable. The jury's verdict indicates this view was rejected.

First, defendants contend the trial court erred in denying admission of testimony relating to Westgood's relocation expenses. They argue that since the property is no longer appropriate for light industrial use, Westgood will have to move its plant. Therefore, evidence concerning the cost of the move should have been admitted.

Even if we assume this ruling was error, it would be harmless. In *Western Michigan University Board of Trustees v Slavin,* 381 Mich 23, 26; 158 NW2d 884, 885 (1968), citing *Detroit v Fidelity Realty Co,* 213 Mich 448; 182 NW 140 (1921), our Supreme Court said:

"It is a recognized rule of this Court in condemnation cases that strict rules as to the admissibility of testimony are not always enforced, that ordinarily this Court will not set aside the award because of the introduction of improper evidence or improper rulings of a trial judge where one attends, but that where prejudicial, inadmissible testimony was received and acted upon by the jury, or where competent testimony going to the merits was excluded *which if admitted would have changed the result,* * * * this Court upon appeal will reverse." (Emphasis supplied.) See *Fort-Street Union Depot Co v Jones,* 83 Mich 415; 47 NW 349 (1890).

Implicit in the jury's $6,000 verdict was a finding that the property could still be used by Westgood for industrial purposes. Therefore, evidence relating to relocation costs would not have changed the result.

Second, defendants contend the verdict is fatally defective because it does not apportion the award

between the Westermans and Westgood. They argue that the controlling statute is MCLA 213.30; MSA 8.20,[1] which provides in pertinent part:

"The jury * * * in its verdict * * * *shall apportion* and award to the parties in interest such portion of the compensation as it shall deem just." (Emphasis supplied.)

Plaintiff says the question is controlled by MCLA 213.378; MSA 8.261(18):[2]

"The court or jury shall award in its verdict, just compensation for each parcel, and thereafter *on request of any party thereto may divide the award* among the respective parties in interest whether the interest is that of mortgagee, lessee, lienor or otherwise in accordance with proper evidence submitted by such parties in interest." (Emphasis supplied.)

The two statutes in question, in that they both cover the same general subject matter, are *in pari materia. Detroit v Michigan Bell Telephone Co,* 374 Mich 543; 132 NW2d 660 (1965), *appeal dismissed, cert den,* 382 US 107; 86 S Ct 256; 15 L Ed 2d 191 (1965); *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943). Consequently, these statutes are to be regarded as one system, the later statute being construed as supplementary to the earlier one. *Valentine v Redford Twp Supervisor,* 371 Mich 138; 123 NW2d 227 (1963); *State Highway Commissioner v Detroit City Controller,* 331 Mich 337; 49 NW2d 318 (1951). Therefore, we must view the 1966 statute, cited as controlling by plaintiff, as supplementary to the 1911 statute cited to us by defendants. So viewed, we find that

---

[1] This is § 10 of 1911 PA 149, an act granting condemnation powers to, among others, "state agencies".

[2] This is § 18 of 1966 PA 295, an act granting condemnation powers to, among others, "the State Highway Commission".

where property is being condemned by the State Highway Commission, a jury is not required to apportion its award unless requested to do so by one of the parties. There being no such request here, the unapportioned verdict is valid.

Lastly, defendants allege that a certain remark of plaintiff's attorney in closing argument was so prejudicial as to deny them their right to a fair trial. There was no objection to this statement, nor was there a request for a curative instruction. This precludes appellate review, unless the prejudicial effect of the remark could not have been rectified by an instruction. *Grand Rapids v Assfy,* 44 Mich App 473; 205 NW2d 502 (1973); *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974). We have read plaintiff's attorney's closing argument with care. The remark, though arguably improper, was not so prejudicial as to render a curative instruction ineffective. Therefore, defendants have failed to preserve this issue for appeal.

Affirmed. Costs to appellee.

All concurred.