HILL v WURM

Docket No. 133403. Submitted June 2, 1992, at Detroit. Decided July 6, 1992, at 9:20 A.M. Leave to appeal sought.

Rita Hill brought an action in the Wayne Circuit Court against William Wurm, Jr., Carol A. Wurm, Norman Mosey, and Donna M. Mosey, seeking a writ of assistance, to quiet title, and rent with respect to realty she had purchased at a tax sale for its unpaid 1984 taxes. The realty had been owned by the Moseys, who had sold it to the Wurms on land contract. The realty was subsequently sold at another tax sale for the unpaid 1985 taxes. After the redemption period and the reconveyance period for the 1984 taxes expired, the Wurms paid the amount needed to redeem the realty for the 1985 taxes after they were mistakenly told by a person in the Wayne County Treasurer's office that they needed to pay only that amount in order to retain the realty. The court, J. Phillip Jourdan, J., following a bench trial, entered a judgment for the defendants, determining that the Wurms, in acting upon the incorrect information given them by the treasurer's office, had made a good-faith effort to pay their taxes and should be allowed to exercise their right of reconveyance. The plaintiff appealed.

The Court of Appeals *held:*

The Wurms' good-faith effort to pay their taxes on the basis of the incorrect information given them by the county treasurer's office is insufficient to excuse their noncompliance with the statutory requirements governing redemption and reconveyance with respect to the 1984 taxes. Equity favors the plaintiff, who has fully complied with all statutory requirements.

Reversed and remanded for further proceedings.

TAXATION — TAX SALES — REDEMPTION — RECONVEYANCE.

Good-faith reliance by a property tax obligor on erroneous information from the county treasurer that property could be redeemed after the expiration of redemption and reconveyance periods will not excuse the obligor's noncompliance with statu-

REFERENCES

Am Jur 2d, State and Local Taxation §§ 988 *et seq.*

See the Index to Annotations under Redemption; Tax Sales.

tory requirements governing redemption and reconveyance so as to permit the obligor to retain the property (MCL 211.74, 211.140; MSA 7.120, 7.198).

*E. Donald Goodman,* for Rita Hill.

UAW-GM Legal Services Plan (by *Deborah Yost*), for William Wurm, Jr., and Carol A. Wurm.

*James E. Gleason,* for Norman Mosey and Donna M. Mosey.

Before: SAWYER, P.J., and MURPHY and L. P. BORRELLO,* JJ.

SAWYER, P.J. Plaintiff appeals from a judgment in favor of defendants, entered following a bench trial, in plaintiff's action for a writ of assistance, to quiet title, and for rent. We reverse.

Plaintiff is a purchaser at tax sale and defendants are owners of certain real property located in Van Buren Township, Wayne County. Specifically, the Wurms are purchasing the property on land contract and the Moseys are the land contract vendors. Defendants Wurm had failed to pay property taxes for a number of years, apparently commencing with the 1984 property taxes. Pursuant to statute, the property was sold at the 1987 tax sale held on the first Tuesday in May 1987. The property was purchased by plaintiff.

Under the applicable statute, defendants had one year to redeem the property, until the first Tuesday in May 1988, by paying the tax sale amount plus interest at the rate of 1.25 percent a month. MCL 211.74; MSA 7.120. Furthermore, notice was sent to them at least 120 days before that time informing them that they had until May 2, 1988, to redeem the property as required by

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 211.73c; MSA 7.119(2). They failed to do so. This triggered a reconveyance period. Under MCL 211.140; MSA 7.198, defendants had six months after service by the sheriff of a statutory notice to obtain reconveyance of the property by payment of the sale amount plus a fifty percent penalty and certain fees. The return filed by the sheriff indicates that service was had on the Wurms on August 25, 1988. However, the sheriff was unable to locate defendants Mosey and service by publication was necessary, which was accomplished in October 1988. Thus, the reconveyance period ran until April 11, 1989.

Meanwhile, defendants had also failed to pay the 1985 property taxes and a sale for the 1985 taxes was held in May 1988. Accordingly, sometime in the fall of 1988, a "Final Notice" under MCL 211.73c; MSA 7.119(2) was sent to defendants, reminding them of their right to redeem the property with respect to the 1988 tax sale (for 1985 taxes) and that they had until May 1, 1989, to redeem. At some unspecified point, William Wurm telephoned the Wayne County Treasurer's office to determine the exact amount he had to pay. According to Wurm, some unnamed individual at the treasurer's office informed him that he had to pay $1,991.36 and that that payment would take care of the problem for another year, until April of 1990.[1]

The Wurms obtained a loan to pay the taxes, and the payment was mailed to the treasurer's office on April 24, 1989. The amount of the payment was only sufficient to redeem the property

[1] This figure, $1,991.36, would be the appropriate redemption figure for the 1985 taxes only, with interest calculated through April 30, 1989. This would suggest, then, that the telephone call was made during April of 1989. It is known that the call was placed on or before April 19, 1989, the date the Wurms went to their credit union to obtain a loan with which to pay the taxes.

from the 1988 tax sale (for 1985 taxes) and was untimely to obtain reconveyance of the property from the 1987 tax sale (for 1984 taxes). Because the Wurms apparently thought they had done what was necessary to retain ownership of their property, they resisted plaintiff's attempts to gain possession and, hence, this action ensued.

The trial court ruled in favor of defendants, concluding that the Wurms had made a good-faith effort to pay the taxes and that they had received inaccurate information from the county treasurer's office with regard to both the amount owed and the deadline for payment in order to retain their property. The court further concluded that the good-faith effort was sufficient to allow defendants to exercise their right of reconveyance.

Plaintiff's first issue is a nonissue. Plaintiff correctly states that the deadline for payment to obtain reconveyance is, as discussed above, set by statute and is six months after the sheriff's return of service of the notice of reconveyance. The trial court did not determine otherwise. Rather, the trial court concluded that defendants did and could rely on information supplied by the treasurer's office and that their good-faith effort to obtain reconveyance on the basis of that information excused their noncompliance with the statute. That is, the trial court granted equitable relief.

Thus, the real issue is whether defendants' good faith is sufficient to excuse noncompliance with the statute. That is, whether it is sufficient to justify missing the statutory deadline for payment to obtain reconveyance. We conclude that the Wurms' good faith is not sufficient to avoid the requirements of the statute.[2]

---

[2] To the extent plaintiff argues that the trial court erred in concluding that the Wurms received misleading information from the county

The cases relied upon by the trial court are distinguishable from the case at bar. In *Dean v Dep't of Natural Resources,* 399 Mich 84; 247 NW2d 876 (1976), the Court specifically did not address the issue whether the plaintiff's good-faith attempt to redeem the property was effective as a redemption because leave to appeal had not been granted with regard to that issue. *Id.* at 94. Rather, only the claim of unjust enrichment was addressed. Furthermore, the plaintiff in *Dean* merely paid an inadequate amount based upon the treasurer's statement, but did so in a timely manner (i.e., before the redemption period had expired).

The other case relied upon by the trial court is *Palmer v State Land Office Bd,* 304 Mich 628; 8 NW2d 664 (1943). However, *Palmer* involved a situation where the taxpayer had made a good-faith attempt to pay the taxes before the sale. Indeed, the cases discussed by *Palmer* involved situations where taxpayers endeavored to pay their taxes, but were misinformed with respect to the amount owed. The payments themselves, although inadequate in amount, were timely. Indeed, the principle set forth in *Palmer* is:

> The above cases leave no room for doubt. The rule in this State is, that a good-faith attempt to pay taxes made within the proper time and to the proper official, which fails through mistake or fault of the tax-collecting official, is the equivalent of payment when asserted in the proper manner. [*Id.* at 635; statutory citations omitted.]

We agree with the proposition expressed in *Palmer*: where the county treasurer misinforms a

treasurer's office and acted in good-faith reliance on that information, we cannot say that the trial court clearly erred in making such a finding.

taxpayer, through mistake or fraud, with regard to the amount of taxes owed, and the taxpayer acts in accordance therewith, the county treasurer should not thereafter be permitted to sell the property at a tax sale.

In this case, however, the payment was made long after the tax sale and after the time for redemption and reconveyance had expired. Further, the rights of a third party are now involved, namely, the purchaser at tax sale, plaintiff.[3] To apply the good-faith rule now would divest plaintiff of the property to which she now has title after defendants' noncompliance with the statute, albeit that noncompliance may have been the result of a third-party's (the county treasurer or his agent) misleading information. Plaintiff herself did not mislead defendants. Furthermore, defendants had no less than three notices of the 1987 tax sale (for 1984 taxes) complete with a notice of their rights. They received notice before the tax sale, they received the notice in late 1987 after the tax sale informing them of the redemption deadline (May 2, 1988), and they received the reconveyance notice in 1988 informing them of their right to reconveyance of the property within six months.

To establish a good-faith rule would be to create an equitable remedy to a noncompliance with a statute. The balancing of the equities weighs against defendants. They were three years delinquent in their taxes at the time of the tax sale. Thereafter, they had nearly two years to recover their property during the redemption and reconveyance periods. They failed to do so. Plaintiff, on the other hand, fully complied with all requirements of the statute. Indeed, plaintiff did more

---

[3] Though it should be noted that in *Palmer* there had been a subsequent sale to a tax scavenger after the state purchased the property at the tax sale.

than the statute requires and sent an additional notice to defendants shortly before the sheriff served the reconveyance notice.

The equities favor plaintiff, who more than fully complied with the statute, as opposed to defendants, who failed to live up to their obligations under the statute.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.